## HARKINS *v.* EDWARDS & TURNER.

The original notice is not to set forth the cause of action in detail, but the defendant is to be informed, with reasonable certainty, what remedy the plaintiff seeks.

So long as the substantial rights of the parties are not prejudiced by allowing amendments; so long as there is a substantial subject matter or remedy sought, the court should not dismiss the cause, but give proper time, on proper terms, for such amendments, and making up the issues.

Where the petition claimed a certain sum, growing out of the injury to certain goods shipped on the "Badger State," alleging that a part of defendants had paid a portion of the money due for such injury, and on behalf of the insurance company, of which they were the agents, had agreed, that if plaintiff would deliver up the injured goods, they would pay the balance, which petition was demurred to; and thereupon plaintiff filed an amended petition, setting forth in more specific terms the sinking of the boat, and the undertaking of the defendants with regard to the same, to which was appended a copy of the agreement, which amended petition was stricken from the files of the court; *Held*, that the amended petition was no departure from the original cause of action, and that the court below erred in striking it from the files.

Where an amended petition makes a new party defendant, or contains irrelevant matter as to such new party, a motion to strike such petition from the files, on those grounds, cannot be made by any other defendant in the cause.

Harkins v. Edwards & Turner.

A petition should not be dismissed for reason of irrelevancy, on the motion of a party that cannot fairly claim to be injured by it, or as to whom it is not irrelevant in fact.

This court is unwilling to recognize the doctrine, that a motion or demurrer made by one party, should operate to strike papers from the files, and dismiss a cause, as to all of his co-defendants, against whom there may be an apparent, substantial cause of action, though defectively stated.

*Appeal from the Lee District Court.*

On the 26th day of November, 1853, Hugh Harkins filed his petition in the District Court of Lee county, against the Franklin Fire Insurance Company of New York and Edwards & Turner, claiming one hundred and ninety-five dollars and forty-eight cents, growing out of an injury to certain goods which had been shipped on the steamer Badger State, of which Harkins was master, and which had been insured by said company, alleging, also, that $300 was the amount originally due on said policy for such injury and expenses incurred; that Edwards & Turner, the pretended agents of said company, had paid a part thereof, and, on behalf of said company, had agreed, if plaintiff would deliver up said injured goods, they would pay the balance; and that the goods were delivered up, and that they were liable for the amount claimed. At the July term, 1854, the defendants appeared to the action, and filed their demurrer to said petition. At the same term, but subsequent to the filing of the demurrer, and before any decision thereon, the plaintiff filed an amendment to his original petition. The amended petition is substantially this: that at the time the goods were delivered up, as stated in the original petition, Edwards, of the firm of Edwards & Turner, wished that plaintiff might deliver the goods to him, and take the insurance company for the lien he had for expenses and average; this the plaintiff refused to do, and that then Edwards, with one Hawley, gave plaintiff an obligation to pay whatever sum might be found on general average for said goods; that afterwards, at the request of said Edwards, the said obligation was given up, another taken from Edwards

& Turner, and one Farner—a copy of which is attached to the amended petition. This agreement recites, in substance, that the makers agree to pay what may be found due the master of the boat, or other persons entitled thereto, as general average or expense on the goods, and was signed in the manner following : " Edwards & Turner, Agents Franklin Fire Insurance Company, New York.—Wm. H. Farner." Farner is made a party and brought in by notice, and the amendment concludes with an averment, that the goods were delivered to the defendants by reason of such representations and obligations; that the sum of two hundred dollars was the balance found due as general average and expenses on said goods; and that defendants have not paid the same.

At the September term, 1854, Edwards & Turner moved to strike the amended petition from the files, for the following reasons : 1. The amendment was a departure from the original notice; 2. It was irrelevant to the original cause of action ; 3. A new party was brought in ; 4. It introduced a new cause of action, new parties, abandoned the original, and substituted a new cause, differing from it in form, substance, and in fact. This motion was sustained, and judgment rendered against the plaintiff, for costs of the suit. To this ruling, plaintiff excepted at the time, as shown by his bill of exceptions found in the record. It appears, from the original notice, that the claim or remedy sought was for expenses incurred in and about certain goods sunk in the steamboat Badger State, and which were insured by the said Franklin Fire Insurance Company. The plaintiff appeals to this court, and here alleges that the court below erred in sustaining the motion to strike the amended petition from the files.

*Samuel F. Miller*, for the appellant.

*Edwards & Turner*, for the appellees.

Harkins v. Edwards & Turner.

WRIGHT, C. J.(1)—We have been referred, by appellees, to a number of authorities which relate to the practice and pleadings under the old rules. This question, we think, must be settled by the provisions of the Code, without much, if any, reference to the authorities relating to the old practice.

We will examine the points made in this motion for striking out the amended petition, as also made here on argument, in their order, and see whether, from a fair construction of our Code, this motion should have prevailed. Before doing so, however, we will say generally, that as we view the Code, relating to practice in our courts, it was designed to make, and has made, radical changes; that various provisions therein contained, and to which we shall refer, have a practical and plain object in view, and such object we shall always endeavor to carry out, according to their plain and obvious meaning, rather than to disregard and make them meaningless. It was the design to strip court proceedings of many absurd and non-essential technicalities, and to secure the means of administering substantial justice. Instead of bringing parties into court, and for some informality, or erroneous pleading, to dismiss their cause, it was contemplated, under proper rules and terms, as to amendments, continuances, and giving of time, to finally decide the case, doing justice as fully as possible in each particular case, and not partially. So long as the substantial rights of the parties are not prejudiced by allowing amendments—so long as there is a substantial subject matter, or remedy sought—the court should not dismiss the cause, but give proper time, on proper terms, for such amendments, and making up the issues. Neither party should be allowed to be prejudiced, or taken by surprise; and this, we think, may always be avoided, by the ample discretion given to courts as to costs and continuances. Where such prejudice or surprise is worked, let strong

(1) WOODWARD, J., dissenting.

terms be affixed, even to making the party amending pay full costs up to the time of his amendment; which, in our view, is far preferable, and more in accordance with the spirit and letter of the Code, than to dismiss a cause, compelling the parties to come in by new process and new pleading. Forms are essential in legal proceedings, but they should be used to administer, not to thwart, justice. These general views, we think, are fully sustained by our Code, and, without quoting in detail, we refer to sections 1733, 1734, 1735, 1749, 1751, 1753, 1754, 1755, 1756, 1757, 1758, and 1759.

In the further consideration of this case, it is proper that we first look into the notice, and see, from our law, what such notice should contain. By it, the plaintiff is required to give to the defendant, a brief statement of the remedy sought. Sections 1715 and 2518. Instead of doing as formerly, under the old writs, merely stating that defendant is required to answer in an " action of assumpsit," or "debt," a statement of the remedy sought is required. And thence, in the form of the notice given in section 2518, we have such instances as these specified, "as money due on a promissory note," or "on account," or "for labor," or "for trespasses committed by your cattle." The notice is not to set forth the cause of action in detail, but the defendant is informed, with reasonable certainty, of what is the remedy that the plaintiff seeks. So far as the notice in this case is concerned, we think, measured by the above rules and sections, it does state, with sufficient clearness, the remedy sought. By it, the defendants are advised that the plaintiff claims of them so much money, "for expenses incurred in and about certain goods sunk in the steamboat, which were insured," &c. There could not reasonably be any mistake or misunderstanding as to what it was the plaintiff sued for, and to what the defendants were to answer. It is clear and explicit in its language, meeting fully the provisions of the Code in this respect.

Having disposed of the sufficiency of the notice, let us now come to the reasons urged for striking the amended pe-

Harkins v. Edwards & Turner.

tition from the files, and dismissing the cause. It is urged : *first*, that the amendment was a departure from the original cause of action. Is this true in fact? We think not. The original petition claimed in substance, and almost in the language of the notice, so much money for expenses connected with, and growing out of, injuries to certain goods sunk on the Badger State, which were insured by the company, and which the agents, Edwards & Turner, promised to pay, if the goods were delivered to them, released from the charge of the plaintiff. Could the defendants claim with reason, to be surprised and prejudiced by any departure so far? We think they were directed with sufficient certainty to what was the cause of action, as finally developed by the petition. Then, we come to the amendment. And here let us bear in mind, what was the cause of action originally, and which it is claimed, was departed from in the amendment. It is clear that the plaintiff sought to recover of the defendants, for expenses incurred in saving and taking care of certain goods which had been insured in the insurance company, and which Edwards & Turner had agreed and undertaken to pay. This petition being demurred to, he conceded its insufficiency, and thereby acknowledged, that it did not on its face show a substantial cause of action. To remedy this, he asked and obtained leave to amend. In doing so, he sets forth, in more specific terms only, the loss or sinking of the boat, and the undertaking of Edwards & Turner, with regard to the same. There can be no pretence that he claims to recover for another and different undertaking, but it is, in fact, the same undertaking, growing out of, and based upon, the same original transaction or liability. Before, however, he had declared, without setting out the paper writing that evidenced the liability. In his amendment, he does set that out. And if a departure does not exist in this fact, then there was none in anything else. To say this was a departure, to such an extent as to justify striking an amendment from the files, and determining a case, would prevent an amendment in every instance in which a plaintiff had failed to set out, in his original petition, a copy of an instrument,

that he might afterwards regard as essential to a complete adjudication of his cause.   This written agreement was not made, nor did the liability accrue thereon, after the suit was commenced; nor does it relate to another transaction, another loss of goods, other expenses, or other liability; but the whole petition shows clearly, to our minds, that it referred to the same cause and liability that was the foundation for the remedy sought.   And we here remark, once for all, that we are not called upon in this case, to determine the liability of the parties, by the terms of that instrument.   This question is expressly waived.   However that may be, must be raised by demurrer on the trial, and cannot be reached by this motion.   We feel clear, then, that this amended petition was not a departure from the original cause of action, but only set forth with more particularity and distinctness, the same cause.·

The next inquiry is, was this amendment irrelevant to the original cause of action?   We have perhaps virtually disposed of this objection, for if it was not a departure, it could hardly be said to be irrelevant.   On this point, however, a further reason may be suggested.   This motion to strike the amended petition from the files, is made by Edwards & Turner for themselves, and not for any other party.   It is so expressly stated in the motion.   How can they claim that this amendment, as to them, was irrelevant.   To get at this more clearly, let us connect with it, the third cause, that a new party was made to the proceeding.   Now, it cannot be denied, but that a new party may be brought in by amendment and notice, where a complete determination of the controversy cannot otherwise be had.   Section 1683.   Farner having signed this instrument, which was, in fact, the foundation or basis of action, he is made a party under this section.   What right had Edwards & Turner to have this petition struck from the files, because he was so made a party?   However it might be as to Farner's right, which we do not determine, certain it is that Edwards & Turner could not. He being made a party, does not deprive them of any legitimate defence they might otherwise have, nor in the least prejudice their rights.   So far as they are concerned, we

cannot see but that it is a case which this section of the Code, was designed to meet. And if, by seeking to make him liable, irrelevant matter might have to be introduced as to him, and that should appear on the face of the petition, he might have his motion to strike such amendment from the files; but not Edwards & Turner; for it would not be, and is not, irrelevant as to them. For aught we know, Farner makes no such objection, and a case should certainly not be dismissed for reason of irrelevancy, on the motion of a party, that cannot fairly claim to be injured by it, or as to whom it is not irrelevant, in fact. As shown, however, Edwards & Turner made this motion for themselves, and the other defendants did not insist on any such defence. And we are unwilling to recognize the doctrine, that a motion or demurrer made by one defendant, should operate to strike papers from the files and dismiss a cause as to all of his co-defendants, against whom there may be an apparent substantial cause of action, though defectively stated. The plaintiff has a right to be heard against the other defendants, and his cause should not be dismissed as to them.

The fourth cause, combines the other three, in a general averment. We do not regard the amendment a new cause of action, or that it abandoned the original, substituting a new one, in substance, or fact, however it might be in form. The joining of Farner, was no good ground for sustaining this motion, on the part of Edwards & Turner; and the amendment was certainly not irrelevant as to them, at least, not to such extent as to justify the striking the amendment from the files, and dismissing the case.

The judgment will be reversed and cause remanded, with instructions to proceed in accordance with this opinion.

WOODWARD, J. (dissenting).—Being unable to concur in the opinion of the court, as at present advised, I will present the reason of my differing, very briefly.

The pleadings in the cause, exhibit a singular confusion, and much time might be spent in dissecting them, and in pointing out the difficulties; but I shall advert to one only,

and this mainly, to show, that it is not overlooked. It has not been determined by the court below, whether the Insurance Company and Edwards & Turner, are both liable on the contract sued, nor which one, if only one. This question is not presented by the motion before us, and the solution is of no importance toward the decision of the questions which are presented.

I assume that an amendment cannot be made, which substitutes an entirely new cause of action, for the one originally declared on. Again, I consider the legal idea of a *cause of action*, as involving the *parties* as well as the *facts*. The "cause of action" is not simply the *promise*, but the promise by *a certain* person. A *fact* simply, does not constitute a cause of action, as in trespass; but a fact done by some one. If this be not true, you may change the party defendant in an action at your pleasure, on paying the cost. But no one thinks he can allege a promise or trespass by A. and then amend by substituting the name of B. And no more, it seems to me, can we allege a promise against A. and B., and then amend by alleging one against A., B. and C. In legal sense, a promise by A. and B. is as distinct from one by A., B. and C., as is one made by A. alone distinct from one by B. alone. And they constitute entirely distinct *causes of action*. That they relate to the same subject matter, makes no difference. Suppose a declaration on a promissory note, made by A. and B., an amendment could not be made declaring on one made by A., B. and C. This would not be an *amendment*. Satisfy the court that it was the *same promissory note*, and that one of the names was omitted by clerical mistake, and the amendment *might be allowed*, for this would be an *amendment*. In the case at bar, the original promise declared upon, stands as an oral one, by the company and Edwards & Turner. The one introduced by the amendment, is a written one, by the company, Edwards & Turner, and Farner. I lay no stress upon the fact, that it is in writing, for I suppose a written contract may be substituted for an oral one, by amendment, all other things being right. But I do not think the contract of the

Harkins v. Edwards & Turner.

company with Edwards & Turner, is the same with the contract of the company, Edwards & Turner, and Farner. Suppose another case: A. and B. underwrite on the ship Argos, for ten thousand dollars, and A., B. and C., underwrite on the same ship for another ten thousand, and she is lost. Here the ship, is the same, and the loss is the same, and yet they are distinct contracts.

The liberality of amendments allowed by the Code, is urged in favor of this proceeding. I heartily concur in this liberality; but I would save it from being made the instrument of confusion, to which there seems to be a strong tendency in much of the practice. The common law is not abolished. Its principles and distinctions nearly all remain, although the forms and modes are changed. The allowance of this amendment, seems to me to open the way to an amount of irregularity, whose extent I cannot undertake to foresee. Section 1683 of the Code, *seems* to refer to proceedings in chancery, but, admitting that it includes those at law, still the new party, to be thus brought in, must be related to the original cause of action; and to make him so, it is not sufficient that he is connected with the same facts.

In my opinion, the judgment of the court below should be sustained.

END OF CASES DECIDED AT THE JUNE TERM, 1855.