## SEEVERS, Adm'r, v. HAMILTON.

Where an attorney recovers a judgment in his own name, on a note or claim sent to him for collection, and the amount of which is made out of property of the defendant, and paid over to the client, the attorney, upon being subsequently compelled to refund the money so paid to the client, to a party having a prior lien on, or right to, the property sold to satisfy the judgment, may recover back from his client the money so collected and paid on the judgment.

In such a case, if the judgment obtained in the name of the attorney, has been satisfied of record, the attorney, in order to recover, must make the client whole, by showing that the satisfaction of the judgment has been set aside, or that there is, in some form, recourse against the original defendant, within the power and control of the client.

*Appeal from the Mahaska District Court.*

THURSDAY, JUNE 17.

The plaintiff sets forth in his petition, the following state of facts, on which he seeks to recover of the defendants: That in January, 1844, the defendant, Rebecca G. Hamilton, residing in the State of Ohio, was the widow of John Adamson, late deceased; that among the goods and effects of said Adamson, at the time of his death, were found three several promissory notes, made by one William Downing, of the State of Kentucky, and payable to said John Adamson; that these promissory notes were taken possession of by the said Rebecca, as the widow of said Adamson, and were by her placed in the hands of George Trotter, the plaintiff's intestate, who was a practising lawyer in Kentucky, for collection, with directions to take all legal steps to secure their payment; that the said Trotter brought suit on the said notes, in his own name, and recovered judgment against Downing; that execution issued on the judgment, was returned "no property found;" that Trotter thereupon commenced certain proceedings to subject to the payment of said judgment, the interest of said Downing in certain real estate and slaves, held by his mother as her dower estate during her life, and such proceedings were had, as by a decree of the proper court of Kentucky, the proceeds of the said real estate and slaves, sold on the petition of the heirs, by order of the court, on the death of his mother, were directed by said court to be paid to the said Trotter, in satisfaction of said judgment; that in the meantime the said Rebecca had intermarried with the defendant, Francis G. Hamilton, and the money so received by the said Trotter, from the sale of said real estate and slaves, was by him, on the second of June, 1850, paid to the said Francis G. Hamilton, as the husband of the said Rebecca—he, the said Francis, at the time of receiving and accepting the same, well knowing the source

from which the same had been obtained; that afterwards, in the year 1855, one Selim Downing commenced a suit in the courts of the State of Kentucky, setting up and asserting for himself, a prior lien and claim upon the interest of the said William Downing in the real estate and slaves, the proceeds of which had been by said Trotter, subjected to the payment of said judgment, and alleging that the said proceeds had been wrongfully and illegally paid to said Trotter; that such further proceedings were had in said suit, that by a judgment and decree of the circuit court of Fayette county, Kentucky, the said Trotter was condemned to pay to said Selim Downing, the sum of three hundred and five dollars, besides costs, as, and for, the proceeds of the said real estate and slaves, so subjected by him to the payment of the said judgment against William Downing; and that he had since paid the same, amounting in the whole, with interest and costs, to five hundred dollars, which amount the plaintiff claims to recover of said defendants.

A demurrer to this petition was overruled by the court; and it is agreed by the parties that the question for adjudication is, whether the ruling of the district court was correct.

*Samuel A. Rice*, for the appellants.

*W. H. & J. A. Seevers*, for the appellees.

Stockton, J.—It is no obstacle to the right of the plaintiff to recover, that the suit against Downing was prosecuted in the name of Trotter, as plaintiff. The notes on which the suit was brought, were payable to bearer, and the action upon them, by Trotter, in his own name, was susceptible of explanation. It is shown that it was so brought, to obviate the necessity of a bond for costs by Mrs. Adamson, she being a non-resident of the State. We cannot say that such a step is unusual among attorneys who have claims sent to them from a distance for collec-

tion ; or that it is so out of the usual· and proper course of proceedings, as to subject them to the charge, or to the consequences of a conversion.   However this may be, it is shown in the present instance, that there was neither in fact nor intention, any conversion by Trotter, because the money received by him on the judgment, was immediately paid to defendants.

It is urged, as an objection to the right of the plaintiff to recover, that the notes on Downing, were the property of the administrator of Adamson ; that the administrator and heirs were entitled to the proceeds of the judgment ; and that the widow, by taking possession of the notes, became an executor *de son tort.*   We think the defendants are not entitled to make this objection, and it comes from them with a very bad grace.   Trotter received the notes for collection from the widow, and for all the purposes of this suit, he was entitled to regard her as the rightful owner of them.   Having received the money from Trotter, the defendants cannot resist his right to recover it back, on the ground that the widow had no right to the notes, or to the proceeds of the judgment against Downing.

The right of Selim Downing to recover from Trotter, was determined by the courts of Kentucky, and the question with us is, not whether it was correctly determined, but whether he did in fact recover or not.   If he did, and Trotter paid the judgment, we cannot, in this action, inquire whether the decision was correct or not.   So, the right of Trotter to institute proceedings against William Downing, to have his interest in the dower estate of his mother, subjected to the payment of the judgment against him, is not for us a matter of inquiry.   He did institute such proceedings, and recovered the money, which he applied in satisfaction of the judgment ; and the defendants, by receiving the money from him, after he had so recovered it, recognized and ratified his doings, so far as they can be considered as having notice or knowledge of them.

It is also objected by defendants, that the payment of

the money to them by Trotter, was a voluntary payment by him, with a knowledge of all the circumstances; and such being the case, the money cannot be recovered back. We do not concur in this view. Trotter, when he received the money, was under obligations to pay it to defendants, and he could, in no way that we see, have avoided his liability, except upon a claim and showing, that it should rightfully go, as has been suggested, to the administrator of Adamson, and not to his widow. But, having received the notes from the widow, if no other claim was interposed, Trotter was bound to pay it over to her when collected. It was money had and received by him for her use.

The remaining objection made by defendants is of more importance, and, we think, was good cause of demurrer. The plaintiff does not aver or show that he is able, nor does he offer, to transfer to defendants, the claim upon Downing, neither in the shape of a judgment against him, nor otherwise. Mrs. Hamilton had placed in Trotter's hands the notes—the evidence of her demand upon Downing. These notes were merged in the judgment, which has been satisfied of record. Mrs. Hamilton is entitled to be made whole; the notes cannot be returned to her; the judgment has been satisfied; and even if the satisfaction had been set aside, and the judgment were in full force, it is in Trotter's name, and subject to the control of his administrator. Before the plaintiff can recover of defendants the money paid them by Trotter, this judgment must be transferred to them in full force. Upon a showing that Trotter has been required to refund to Selim Downing, the money received from the sale of William Downing's interest in the dower estate of his mother, the plaintiff may be enabled to have the satisfaction entered of record set aside, or he may, in some appropriate proceeding, recover another judgment against William Downing.

This duty, we think, devolves upon the plaintiff. Mrs. Hamilton has once paid Trotter for his services, as her attorney in procuring the judgment, which, without any fault of hers, and without her procurement, but by the ac-

tion of said Trotter, has been extinguished. It would be a hardship on her, should she be required to pay a second time for the services of an attorney to revive or reinstate this judgment. She should not, in our opinion, either bear the burden or run the risk of such renewal. She is entitled to be made whole; she must be placed in a position to enforce the collection of her claim upon William Downing, if he is of sufficient ability to pay it.

Upon the payment of the judgment against him by Selim Downing, Trotter had his recourse, either against William Downing, whose indebtedness to Adamson had been extinguished by the satisfaction of the judgment against him in Trotter's name, or against the present defendants, to whom the money collected had been paid. We hardly think the plaintiff should be required, first, to seek indemnity from William Downing, and to enforce payment from him. He may resort, first, to his action against defendants, to whom he had paid the money. They are the ones principally and ultimately responsible to plaintiff's intestate. But to entitle him to recover, it must be shown that the satisfaction of the judgment against Downing is set aside, or that there is, in some form, a judgment against him, subject to defendants' control.

We are therefore of the opinion, that the district court erred in overruling the demurrer, for the cause aforesaid, and the judgment is reversed.