## SEEVERS, Adm'r. v. HAMILTON *et ux.*

1. AMENDED AND SUPPLEMENTAL PETITION. Matters arising after the filing of an original petition can be properly pleaded by the plaintiff by a supplemental petition. An amendment to a petition serves only to amend the original as to matters that were in existence when it was filed.

2. PRACTICE. The pleading of matters by amendment of the original petition which should be pleaded by supplemental petition does not constitute sufficient cause for dismissing an action.

3. AMENDMENTS. Amendments of pleadings should be allowed so long as there is a substantial subject matter or remedy sought. The court has ample power to protect the rights of defendants in the disposition of costs, and in allowing full and ample time to prepare a defence to the amended pleading.

*Appeal from Mahaska District Court.*

SATURDAY, OCTOBER 6.

THIS cause was before the court at the June Term, 1858, and will be found reported in 6 Iowa 199. At that time it stood upon demurrer to plaintiff's petition. This court held

the petition bad, for causes in said opinion stated, and remanded the case to the District Court. In April 1859, plaintiff filed what he styles an amended petition, setting forth substantially and almost in words the matter contained in the original, (the original was filed April 9th 1857,) and in addition thereto averments to the effect, that in August 1858, such proceedings were had in the Fayette Circuit Court in Kentucky in said cause of Foster against Downing, that the amount credited thereon as the proceeds of said sale against Downing, and which sale or interest was defeated by the judgment in favor of Selim Downing, was annulled and canceled and said judgment against said William Downing adjudged to be in full force; and that afterwards on the 9th day of July 1859, the said judgment against the said William Downing was assigned and transferred to said defendants.

Defendants moved to strike the amended petition from the files for the following reasons:

1st. It is not an amended petition and does not conform to the rules relating to supplemental petitions.

2d. It is predicated on matters accruing since the commencement of this action.

This motion was sustained and the suit dismissed. Plaintiff appeals.

*Seevers, Williams & Seevers* for the appellant, relied upon sections 1759, 1749, 1755, 1758; *Harkins* v. *Edwards & Turner* 1 Iowa 299; *Bebb* v. *Preston*, 3 Ib. 336; *Hunt* v. *Collins*, 4 Ib. 59; *Arbuckle* v. *Bowman et al*, 6 Ib. 71.

*Samuel A. Rice* for the appellee, reviewed the authorities cited by the appellant's counsel, and insisted that they contemplated amendments as to facts which accrued before the commencement of the action. He also cited the following authorities: 3 Paige 440; 3 Atkins 217; 2 Eng. Ch. R. 348; 4 Yates 382; 3 Marsh. 19; 1 Doug. 434; *Wayne* v. *Chew*, 15 Penn. S. R. 323; 3 Litt. 333; Adams Eject. 204.

WRIGHT, J.—What is meant by the objection that this pleading did not conform to the rules relating to supplemental petitions, we have no means of ascertaining. No rule upon the subject has been brought to our attention, and we can not therefore say that this objection has weight or any thing to sustain it.

It is doubtful whether appellees insist upon the point that the additional facts stated should have been set up in a supplemental, rather than an amended petition. In one part of the argument they seem to rely upon it, while in another they maintain that whatever styled or called, the motion was properly sustained, their main point being that either as a supplemental or amended petition it was defective and out of place, for the reason that it was not based upon facts existing at the time of the commencement of the action. We incline to the opinion that the new matter contained in this pleading, would come more appropriately in a supplemental pleading. It is more properly the office of an amended petition, to connect the original in those matters which existed previous to the commencement of the action. A supplemental petition on the other hand, while it avails to add to the original, in its frame or structure, yet its more appropriate office is to introduce into the case, matter which has happened since the filing of the original petition. And when the statute (Code section 1749) says that either party may file a supplemental pleading alleging any material facts which have come to his knowledge since the filing of the former pleading, we do not understand it to mean necessarily that the facts should have existed prior to the former pleading, but that they shall come to his knowledge after. If they did not exist before, of course they would come to his knowledge after. If existing before and they came to his knowledge after, or if they occured after, he may set them up as a supplemental pleading. And therefore if the decision in this case was made to depend upon the question, whether the matter stated by the pleader should have been in a supplemental rather than an

amended petition, we should be inclined to sustain the position assumed by counsel for appellees. As the parties seem to put the case upon another and principal ground, however, we shall examine that ; remarking that unless appellees are correct in their main points, and though the matter should have been set up in a supplemental petition, the case would still have to be reversed, for though the motion may have been properly sustained for this reason, it would be no cause for dismissing the suit.

We proceed then to the examination of the second point made by the motion, and that is that the amendments are predicated upon facts occurring since the commencement of the action. By reference to the case as reported in 6 Iowa 199, it will be found that the facts as they then existed were briefly these. One of the defendants residing in Ohio sent to an attorney residing in Kentucky, certain notes for collection. He, for reasons stated, instituted suit on these notes in his own name and recovered judgment. To make the money, he had to proceed in Chancery against the defendant William Downing, as the result of which he made the judgment and paid it over to defendants. Subsequent to this, Selim Downing, by bill in chancery, asserted a prior claim to the property sold under the judgment against William and succeeded, Trotter, plaintiff's intestate, and the attorney to whom one of the defendants sent the notes, being compelled to pay back what he had received. Thus the transaction stood when this action commenced. We held in the former case as against many and the main points urged by defendants in their demurrer to the petition, plaintiff was entitled to recover, but that it ought to appear that Trotter or his administrator had assigned to defendants or surrendered to their control the judgment against William Downing, and that they should not be put to the expense of setting aside the entry of satisfaction thereon, in virtue of the proceedings in equity instituted by Trotter against said William. For the purpose of meeting the views thus expressed the plaint-

iff has made this assignment and had this entry of satisfaction set aside, at least he so alleges in his petition. The question now is, can these things avail him, transpiring as they had since the commencement of his suit.

We think most clearly they may. The question of costs in all such cases, being under the control of the large discretion lodged in the Judge, that what may *not* come in by way of amendment or supplemental pleading is the exception under our Code, and that which *may* forms the rule. This view we have had occasion so frequently to express, and seems to be so entirely in accordance with the letter as well as spirit of the Code, that we need do no more at this time than re-affirm it. (See Code section 1733-5, 1749, 1751-9, *Harkins* v. *Edwards*, 1 Iowa 296; Ib. 128; *Bebb* v. *Preston*, 3 Ib. 325; 1 Ib. 482; *Bunn* v. *Pritchard*, 6 Ib. 56; *Arbuckle* v. *Bowman*, Ib 70; *Logan* v. *Tibbett, et al.*, 4 G. Greene 389; *Wilson* v. *Johnson*, 1 Ib 147; *Stevens* v. *Campbell*, 6 Iowa 538, 433.)

But say appellees, is this rule to be carried so far as to introduce new matter that occurred since the commencement of the action, or as in this case, that which the plaintiff has done since, and without which he could not maintain his action? And in this connection he asks, suppose goods came rightfully into the possession of B. and before A. can bring trover for them, a demand is necessary, can A bring his action, make his demand afterwards, amend his pleading, setting up this demand, and be permitted to proceed with his cause? Or must he not, continues the inquiry, go out of court and begin anew, if he would recover the possession of the property?

Now let us ask, if proper orders are made on the subject of costs, and the time for the hearing of the case is so arranged as not to take the defendant by surprise, so as to give him full and ample time to prepare for trial, why not permit the amendment? What provision of the Code is there, or what is there deducible from its whole tenor and spirit, which justifies the practice which shall turn a plaint-

iff out of court, to come in again immediately for the purpose of litigating the very matter in issue, and which the parties are either prepared to litigate or may as well be, by giving the proper and necessary time for trial? We undertake to say there is nothing. On the contrary, in our opinion, the Code in all of its provisions on the subject of pleading and practice is replete with the doctrine, that "So long as the substantial rights of the parties are not prejudiced by allowing amendments, so long as there is a substantial subject matter or remedy sought, the court should not dismiss the cause, but give proper time, or proper terms, for such amendments and making up the issues," 1 Iowa 299.

In our opinion, therefore, plaintiff was entitled to amend his petition in the particulars stated; and in striking the same from the files and dismissing the suit, there was error.

Judgment reversed.