## DIXON v. DIXON.

1. **Pleading:** AMENDMENT. Where an action is brought upon a cause of action belonging to a copartnership, in the name of one of the partners only, against the other partner, the court may at any time, in furtherance of justice, permit an amendment by inserting the name of the firm as plaintiff.

*Appeal from Jasper District Court.*

WEDNESDAY, JANUARY 17.

THE petition alleges that Dixon and Todd, of which firm plaintiff was a member, owned a stock of goods in a store in Newton, rented by them of one Manning; that the defendant purchased the stock of goods of Dixon and Todd, and agreed to pay the rent of the store until the termination of the lease; that defendant had failed to pay the said rent as agreed, and plaintiff had been compelled to pay the same, and to recover which this suit was brought.

The defendant filed his answer denying the allegations of the petition, also alleging that at the time of leasing the premises the plaintiff was a partner of defendant, and jointly liable with him for the rent; that the plaintiff leased the store himself, and afterwards defendant became his partner, and still later bought out the partnership stock, and only agreed to pay the partnership debts; and the rest was not a partnership, but plaintiff's individual debt, and defendant was not liable to pay it; that plaintiff had only paid fifty dollars rent, and defendant was only liable for the amount paid, and not for the agreed rent, and that the claim sued on is the property of Dixon and Todd, and does not belong to the plaintiff alone. To these numerous defenses there was filed a reply in denial, and reaffirmance of the allegations of the petition.

The cause was tried to a jury, and resulted in a verdict

for plaintiff, for eighty-three dollars and thirty-three cents, with interest from 9th day of June, 1860. The defendant filed his motion for a new trial, &c., and among other causes therefor, assigned that the evidence shows that the claim belongs to the firm of Dixon and Todd. This motion was sustained, and a new trial granted. Thereupon the plaintiff filed an amended petition, alleging that defendant's promise and liability, as stated in the petition, was made and resulted to Dixon and Todd, of which firm Israel Dixon was a member, and asked that Dixon and Todd be made plaintiffs, and the cause be further conducted in their names. This amended petition was signed by the attorneys for Israel Dixon, and Dixon and Todd. The defendant moved the court to strike this amended petition from the files, which motion was sustained, and thereto plaintiff and Dixon and Todd duly excepted, and now bring this appeal.

*Seevers & Williams* for the appellants.

*Winslow & Lindley* for the appellee.

COLE, J. — One of the just causes of complaint against the common law practice, as it existed prior to the Code, PLEADING: was that an error of the pleader, either in the amendment. parties or statement of the cause of action or kind of action, resulted in the defeat of the party and the dismissal of his cause, however clear and meritorious in reality his right of action may have been. To avoid these calamitous and unjust consequences was, at least, one of the promptings to the adoption of the more practical, liberal and just system of pleading and practice contained in our Code.

It is enacted, as a part of our system, that " the court may, on motion of either party, *at any time*, in furtherance

of justice, and on such terms as may be proper, permit such party to amend any pleadings or proceedings by *adding* or striking out the *name of any party*, or by correcting a mistake in the name of any party, or a mistake in any other respect, or by inserting other *allegations material* to the case, or when the amendment does not change substantially the claim or defense, by conforming the pleadings or proceedings to the facts proved," &c. Rev., § 2977. This provision, however, does not extend to every case or claim of amendment. The amendment, in the language of the Code, is to be permitted "in *furtherance of justice.*" *Harvey* v. *Spaulding*, 7 Iowa, 423; *Brockman* v. *Berryhill*, 16 Id., 183; *Allison* v. *Barrett*, 16 Id., 278. That the proposed amendment shall be in furtherance of justice, is made an essential element by the language and spirit of the statute. *If it is not necessary to enable the party to secure all his rights* (*Allison* v. *Barrett, supra*), or is not substantial, or is a repetition of a former pleading (*Harvey* v. *Spaulding, supra*), or is evidently offered to trifle with the court, or to improperly gain time, or for any other reason not in furtherance of justice, the court not only *may*, but it becomes a *duty* to refuse it. As to the right to amend, *vide Seevers, Administrator*, v. *Hamilton et al.*, 11 Iowa, 66, and authorities cited; *Wadsworth, &c.*, v. *Cheeny, &c.*, 13 Id., 576; *Mather* v. *Butler County*, 16 Id., 59.

In this case it is evident from the finding of the jury that the claim of the plaintiff against the defendant is a meritorious and valid one. The jury found that the defendant justly owed the money; but in the opinion of the court below, the technical right to recover was not in the plaintiff, and thereupon the plaintiff, being interested, sought to amend, by adding the name of his partner, or firm name, and thus bring his right to recover within technical law as well as resting it upon broad justice. There is one fact of controlling influence in the determina-

tion of this case, and that is, it appears from the papers in the case, that unless the plaintiff is permitted to amend and continue the prosecution of the claim in this suit, it will be barred by the statute of limitations. The jury have found that the defendant justly owes the claim, and to permit the plaintiff to amend and recover such just claim will be very evidently more in the furtherance of justice than to refuse the amendment and dismiss the action as did the court below, and thereby defeat the recovery of a claim, the justice of which has already been established.

Reversed.