| 38 | 301 |
|----|-----|
| 78 | 741 |
| 38 | 301 |
| 83 | 745 |
| 38 | 301 |
| e127 | 382 |
| 38 | 301 |
| f142 | 189 |

## MILLER v. PERRY & TOWNSEND.

1. **Pleading:** AMENDMENTS. Amendments to pleadings should always be allowed in furtherance of justice, within the exercise of a sound discretion. To refuse them is the exception.

2. ——: ——: FILING WITHOUT LEAVE OF COURT. An amended pleading filed without leave of court first obtained may be allowed to stand, in a case where it would be error to refuse to permit it to be filed.

*Appeal from Monroe Circuit Court.*

WEDNESDAY, JUNE 3.

THE plaintiffs appeal from an order of the Circuit Court, sustaining certain motions to strike out reply to answer of garnishees, and to discharge garnishees upon their own

answer.   The facts necessary to an understanding of the points ruled are stated in the opinion.

_Dashiell & Andrews_, for appellants.

_Perry & Townsend_, for appellees.

MILLER, CH. J.—On the second day of September, 1870, the plaintiffs commenced their action against the Albia Deposite Bank, D. Steele, H. K. Steele, and A. H. Steele, and therein sued out a writ of attachment upon which appellees were, on the next day, attached as garnishees.   On the 8th of December, 1870, plaintiffs obtained judgment against D. Steele for $3,844.44, and the 8th day of February, 1871, plaintiffs obtained judgment H. K. Steele for $3,883.   On the 6th day of September, 1870, the garnishees answered, denying any indebtedness to the defendants in the action, and stating that they held certain notes for collection as trustees for D. Steele, and which they alleged were held by them to secure certain claims due from said D. Steele, which were in their hands also for collection, etc.

The record fails to show that any action was taken in reference to the garnishees until February 21st, 1873, when the plaintiffs filed a reply thereto, not verified, controverting said answer of the garnishees, which remained on file until the October term, 1873, of the court.   On the first day of such term the garnishees filed a motion to strike plaintiff's reply from the files, which was on the fourth day of the term sustained.   At the same time the plaintiff's moved the court to require the garnishees to make further answer in respect to any money or property of defendants coming into their hands since the filing of their answer, whereupon the court appointed a commissioner to take such further answer.

On the 6th day of the same term the garnishees moved for a default against the plaintiffs for want of a further pleading or reply to their answer, and also at the same time filed another motion asking to be discharged as garnishees.   On the same day, and while these motions were pending, the plaintiffs

filed an amended reply to the answer of the garnishees. Subsequently at the same term the court sustained the motions, discharging the garnishees and striking the amended reply of plaintiffs from the files. To these several rulings plaintiffs excepted.

I. It is first urged by appellants' counsel that the court erred in striking the original reply of plaintiffs from the files. Whether there was error in this ruling or not, we will not inquire since by filing an amended reply the error, if any, was waived.

II. We are of opinion, however, that the court erred in striking the amended reply from the files. The original reply formed an issue upon the answer of the garnishees, and that it was not filed until about three years after the making and filing of the answer is immaterial, as no motion had been made or other steps taken to have the garnishees discharged prior to the filing of the reply. When the original reply was stricken from the files, the plaintiffs were in no proper sense of the term in default. They filed an amended reply on the second day after the original was stricken from the files, and before the garnishees had been discharged or any prejudice resulted to them. No order had been made by the court requiring the amendment to be sooner filed, so as to place the plaintiffs in default.

It is insisted that the plaintiffs had no right to file their amended reply without leave of the court. This may be true PLEADING: but we think the court should have allowed the amendment. amended pleading to remain on the files although no formal leave had been given to file the same. Certainly if the plaintiffs had asked leave to file the amendment, it would have been an abuse of discretion to refuse it. Under the statute it is the rule to allow amendments to pleadings. To refuse is the exception. The right to amend is not an absolute unconditional one, but is to be allowed in furtherance of justice under a sound discretion. Amendments, within the limits of the statute, should always be allowed when substantial justice be thereby promoted, and they should not be refused so as to operate a denial of justice to either party. See Revision, §

2977; Code, § 2659; *Seevers v. Hamilton*, 11 Iowa, 66; *Brockman v. Berryhill*, 16 Id., 183; *State ex rel. Floyd v. Mayor etc., of Keokuk*, 18, Id., 388.

We can see no difference in principle between the case before us and one where the filing of the amendment is refused by the court. The effect is the same in either case, namely; to deny the plaintiffs the right to controvert the answer of the garnishees, which right they had done nothing to forfeit. In our judgment substantial justice demanded that the plaintiff's amended reply should have been allowed to remain on the files, and the issue thereby formed tried in the usual manner. In striking it from the files and discharging the garnishees there was error, for which the judgment of the court below is

REVERSED.