YOKOM v. McBRIDE.

1. **Contract: BREACH OF: PRACTICE.** In an action to recover the consideration paid for certain lands which the defendant contracted to have patented to the plaintiff by a specified date, but which were not so patented, the defendant alleged that he had assigned to the plaintiff a certificate which in fact conveyed the title to the lands and right to a patent: *Held,* that the issue presented by such allegation should have been submitted to the jury, and if the facts were found to be as alleged that the plaintiff could not recover without returning or offering to return such certificate.

2. ——: ——: **MEASURE OF DAMAGES.** The measure of damages for the breach of a contract to convey land, where it occurs without the fault of the vendor, is the consideration paid him for the land, with interest, but if the failure occurs through his fault the vendee may recover such consideration, or the value of the land at the time the conveyance should have been made, if greater than the consideration paid.

*Appeal from Marshall Circuit Court.*

SATURDAY, APRIL 23.

ACTION at law. There was a verdict and judgment for plaintiff. Defendant appeals.

*B. L. Burritt* and *Henderson & Carney,* for appellant.

*J. M. Parker* and *Brown & Binford,* for appellee.

BECK, J.—I. The petition declares upon an obligation in writing in the following language:

" On or before the first day of February, 1880, I agree to furnish Carrie E. Yokom a patent from the State of Texas to the following described real estate, situated in Hale county, Texas; Survey No. 25, block No. D, 6, 640 acres of land on the waters of White Reall Creek, a tributary of the Brazos River, about seven miles east from center of county, beginning at a mound, the southwest corner of Survey No. 22, in same block; thence S. 1900 ves a mound; thence E. 1900 ves a mound; thence N. ves a mound, the southeast corner of said

survey No. 22; thence west 1900 ves to place of beginning. And for the faithful performance hereof I bind myself, my heirs, administrators and assigns firmly by these presents, in the penal sum of seven hundred dollars.

"W. S. McBride.

"Marshalltown, Iowa, October 20, 1879."

It is alleged that on the 2d day of March, 1880, the plaintiff demanded of defendant the deed or patent described in the obligation, which has not been delivered; "that plaintiff paid defendant $700, in land, which was understood and agreed to be the value of the land described in the obligation, and defendant agreed to furnish the plaintiff a good title to the land, and represented that the patent which he obligated himself to procure would give plaintiff a perfect title. Plaintiff seeks to recover $700, the amount named in the bond. The defendant in his answer alleges that, being the owner of the certificate of the entry of the land described in the obligation sued upon, he sold and transferred it to plaintiff in exchange for other land; that the trade was completed before the execution of the instrument in suit, and the certificate being duly assigned to plaintiff vested her with the right to the patent for the land; that afterwards without any consideration, and as a gratuity, defendant agreed to procure a patent for plaintiff and thereupon executed the instrument in suit; that he took proper steps to procure a patent, which will be issued in the due course of the business of the officer authorized to convey the land.

Another count of the answer alleges that defendant sold and assigned to plaintiff a certificate of the entry of the lands described in the obligation, which vested in her title to the land and a right to the patent; that defendant agreed to forward the certificate and procure a patent to be issued thereon and to secure the performance of this agreement he executed the obligation sued upon; that defendant did forward the certificate to the proper land office in Texas, and it was duly filed therein and a patent will be issued in due course of the

business of the office, and that the assignment of the certificate to plaintiff still remains in force and the plaintiff is entitled to a patent to the land described in the obligation in suit.

II.    The answer of defendant sets up that plaintiff acquired title to the land and a right to the patent by the assignment and transfer of a certificate, upon which defendant obligated himself by the instrument sued upon to procure a patent.    It cannot be disputed that if plaintiff acquired either the title to the land or a right to the patent she cannot recover the consideration paid defendant, or the value of the Texas land, and continue to hold the title or the right to the patent.    To entitle her to recover on the obligation, under the facts pleaded, the sum she paid defendant or the value of the Texas lands, she should either return or offer to return the certificate and restore defendant to the rights he held, and to the position he occupied before the transfer to her of the certificate.    This conclusion is based upon familiar rules of the law.    See *Seevers, Admin'r, v. Hamilton,* 6 Iowa, 199.    Now the answer raises an issue involving plaintiff's title to the land and right to the patent held by her. This issue was not determined upon the trial in the court below and the cause seems to have been tried wtihout reference thereto.    There was evidence applicable to it.    If it be found that plaintiff still retains the title to the Texas land and the right to a patent, her damages cannot be the value of that land nor the value of the consideration she paid defendant. It would be the loss she sustains by reason of the failure to deliver the patent at the time specified in the defendant's obligation.    To entitle her to recover the damages first named, she must show that she has returned or offered to return the certificate, and has restored defendant to the position he occupied before it was assigned to her.

The court instructed the jury that if they found the instrument sued upon is based upon a consideration, defendant is liable for the value of the land received by him from plaintiff, not exceeding the penalty of the obligation sued on, $700.

*Marginal note: 1. CONTRACT: breach of: practice.*

This instruction ignores the issues we have just specified. These issues should have been determined at the trial and the jury should have been instructed as to matters involved therein which they were required to consider.

III. The petition alleges that defendant undertook to procure for plaintiff the title of the Texas land. It shows *2. ——: ——:* a purchase of the land and payment therefor, and *measure of damages.* that plaintiff has failed to obtain the title thereto. The answer alleges that plaintiff has acquired the title to the land and the right to the patent. The issue thus presented involves not the failure of title, but the failure of defendant to cause the title to be conveyed to plaintiff. If this issue be found for plaintiff, and it appears that defendant was prevented, without fault on his part, from conveying the title, plaintiff is entitled to recover the consideration paid defendant, with interest. If the failure to convey was through the fault of defendant the plaintiff may recover the increased value of the land at the time the conveyance should have been executed. *Foley v. McKeegan,* 4 Iowa, 1. The rule last stated contemplates that the increased value of the land is greater than the consideration paid by the plaintiff. In case the defendant has the ability to convey the land and refuses to do so, the plaintiff may recover its value. *Devin v. Himer,* 29 Iowa, 297. These cases do not hold that, if the value of the land sold be less than the consideration paid, the plaintiff can be limited in recovery to the value of the land. The value of the land is the measure of damages when it exceeds the value of the consideration, and the conveyance is not made through the fault of defendant. If defendant is in fault plaintiff is entitled to recover substantial damages, which would be the value of the land if it be greater than the value of the consideration paid therefor. But if the value of the land be less than the consideration paid, the plaintiff's measure of damages will be the value of the consideration. These rules are supported by the cases just cited and are in accord with reason and justice. They will guide the Circuit Court

when the cause is again submitted for trial. The rule of damages announced in the instructions, as applicable to the issues and theory upon which the case was tried, and the facts, is not erroneous. But as we have seen, an important issue was overlooked by the court and was not considered in the trial. For this cause the judgment must be reversed. Other questions discussed by counsel need not be considered.

REVERSED.