L. PADDEN, Appellant, v. P. J. CLARK, and S. A. CLARK.

**Partnership:** INDIVIDUAL LIABILITY: PLEADINGS. In an action against
1 a partnership for goods sold and delivered, where the evidence showed an individual liability of one of the partners, an amendment averring such liability which was treated as an allegation of sale to him individually, cured the variance.

**Limitation of actions.** Where the plaintiff sought in his original petition to charge a member of a partnership for goods sold and delivered and the original notice was served prior to the limitation of the action, an amendment filed after the five-year period had elapsed, alleging a sale to such member individually, was not the statement of a new cause of action rendering limitation of the action a defense.

**Original notice:** SUFFICIENCY. A notice addressed to two persons

3　and stating a claim against them is sufficient to sustain an action against one individually.

Appeal: SERVICE OF NOTICE. Where the petition against a partnership 4 is amended at the trial so as to charge only one member, notice of appeal need not be served on the others.

*Appeal from Butler District Court.*— HON. CLIFFORD P. SMITH, Judge.

MONDAY, APRIL 11, 1904.

ACTION to recover a sum of money due on account for goods sold and delivered by plaintiff to defendants. Trial without a jury. Judgment for defendants. Plaintiff appeals.—*Reversed.*

*Springer, Clary & Condon* and *C. M. Green,* for appellant.

*M. Hartness* and *W. D. Evans,* for appellees.

MCCLAIN, J.— The petition, as originally filed, alleged that the defendants were doing business as a copartnership under the firm name and style of Clark & Co., at Charles City, Iowa, and that as such partnership they bought of plaintiff the goods and merchandise specified in the account attached to the petition. Notice of the action, however, was served only upon P. J. Clark. Subsequently plaintiff amended his petition so as to allege that defendants were doing business in the firm name and style of Clark & Co. and of P. J. Clark. Afterwards plaintiff further amended his petition by averring "that defendant P. J. Clark was doing business at Charles City, Iowa, at the time of the transaction with plaintiff set out in petition and testified to on the trial, in his own name." In the answer to the petition as thus last amended, after a general denial, it is averred that there is a misjoinder of parties and causes of action; that the petition, before the last amendment, declared upon an alleged contract

with the partnership, and charged liability upon the defendants as alleged members of such partnership, and, as amended, declared also upon an alleged contract with P. J. Clark individually; and that more than five years had elapsed after plaintiff's alleged cause of action accrued before the commencement of suit, and before the filing of the amendment setting up the alleged said new cause of action against P. J. Clark individually. As the evidence shows without question a sale of the goods specified in the account to P. J. Clark and nonpayment therefor, the trial court must have predicated its judgment for the defendant on the matters set out affirmatively in the answer. As a misjoinder of parties or of causes of action cannot be interposed by way of defense, the trial court must have found either that there was a material variance between the allegations and the proof or that the cause of action was barred; and these two matters will be separately considered.

I. The last amendment to the petition does not directly allege that the goods specified in the statement of account were purchased by P. J. Clark, but we think it is reasonably

1. PARTNERSHIP: individual liability; pleadings.

evident from the amendment itself, which was filed after the evidence was introduced, and apparently for the purpose of conforming the pleadings to the evidence which showed a sale to P. J. Clark individually, that the purpose of the pleader was to state a cause of action against him. This was evidently accepted by defendants as the intention with which the amendment was made, for an answer was filed for P. J. Clark to the petition as thus amended, in which it is alleged that, as thus amended, the petition declares upon an alleged contract with P. J. Clark individually, and the defense of the statute of limitations is interposed as against such individual liability. Under the petition as last amended and the answer thereto, there was an issue as to whether P. J. Clark had purchased the goods specified in the statement of account, and there was no variance between the allegations of the petition as thus amend-

ed and the proof, for the evidence showed conclusively a sale, to P. J. Clark, S. A. Clark being connected with the transaction as his agent.

II.  The last item of the account was dated November 6, 1903, and the notice of the action was served on November 3, 1898.  The action therefore was commenced within five years after the cause of action accrued, and was not barred.  See Code, section 3449.  It is true that the amendment, which, as we construe it, alleges a sale to P. J. Clark individually, was not filed until after the five-year period had elapsed, but, as plaintiff sought in his original petition to charge P. J. Clark as a member of a firm, and to hold him liable, we are not inclined to rule that the cause of action, as made by the amendment, is so materially different from that stated in the original petition as to constitute a wholly new and distinct action.  This conclusion is supported by the reasoning in *Harkins v. Edwards,* 1 Iowa, 296; *Hook v. Garfield Coal Co.,* 112 Iowa, 210; *Taylor v. Taylor,* 110 Iowa, 207.

*2. LIMITATION OF ACTIONS.*

Counsel for appellee contend that the original notice, served upon P. J. Clark, November 3, 1898, was not sufficient, but do not point out in what respect it was insufficient, and on examination of the notice, as set out in the record, we do not discover any material defect therein.  It is addressed to P. J. Clark and S. A. Clark, and states a claim against them for money due plaintiff on account for goods sold and delivered to them at their instance and request.  It seems to us that this notice was clearly sufficient to sustain an action against P. J. Clark individually.

*3. ORIGINAL NOTICE: sufficiency.*

III.  It is objected for appellee that this court cannot consider the appeal, because the notice of appeal was served only on P. J. Clark.  But, as we construe the last amendment to the petition, the cause of action on which plaintiff sought to recover was against P. J. Clark individually, and it was wholly unnecessary to make his codefendant a party to the appeal.

*4. APPEAL: service of notice.*

We reach the conclusion that the trial court erred in refusing to render judgment for plaintiff, and the judgment which was rendered for the defendant is therefore REVERSED.