ROBERT LITTLE, Appellant, v. POTTAWATTAMIE COUNTY, Appellee.

**Counties:** PREMATURE ACTION: AMENDMENT OF PETITION. An action to recover for injuries received by reason of a defective county bridge, commenced before the board of supervisors had acted upon the claim properly filed with it and therefore prematurely

brought because of the provisions of Code, section 3528, should not be dismissed on that ground where the plaintiff amended his petition before trial alleging a rejection of the claim after commencement of the action and offered to pay the costs to the time of the amendment.

Tort actions: STATUTES. Code, section 3528, providing that an action shall not be brought against a county on an unliquidated demand until the same has been presented to the board of supervisors and payment demanded, neglected or refused, applies to actions for tort as well as those arising out of contract.

Pleadings: AMENDMENT. The filing of an amended petition alleging facts which have happened or come to the knowledge of the pleader since the commencement of the action, is not wholly discretionary with the court, but is governed by Code, section 3641.

*Appeal from Cass District Court.*—HON. A. B. THORNELL, Judge.

SATURDAY, DECEMBER 17, 1904.

ACTION to recover damages for personal injuries received by plaintiff through the fall of a county bridge. The accident happened June 5th, and this suit was commenced September 1, 1903. Plaintiff filed his claim with the county auditor August 24, 1903; but the board of supervisors of defendant county did not act thereon until September 9th, when it rejected the claim, and denied all liability to plaintiff. Plaintiff did not serve defendant with notice in writing of the time, place, and circumstances of the accident, but did commence this action within ninety days after the happening thereof. To the original petition defendant filed an answer, in which, among other things, it pleaded that the suit was prematurely brought, and that it was barred by the statute of limitations. Thereafter, and on November 20, 1903, plaintiff filed a supplemental petition, in which he pleaded that his injuries had grown worse and more severe since the original action was begun. He also pleaded many

false representations of the members of the board of supervisors, promises on their part to settle his claim, and waiver of notice and of the filing of a claim for damages. He further pleaded that defendant, through its agents and officers, induced plaintiff to delay the collection of his claim until more than 60 days after the accident, so that he could not serve the written notice required by law, and could not present his claim to the board and secure its action thereon before it would be barred by the statute; that he did file his claim with the board as soon as he discovered defendant's fraud; and that said claim was disallowed and rejected on September 9, 1903. On November 25, 1903, plaintiff filed an amendment to his supplemental petition, in which he offered to pay all costs up to the time the board rejected his claim. He also pleaded waiver of the sixty-day notice by the defendant. Defendant thereupon filed a motion to dismiss the case and to strike all of the pleadings from the files for the reasons (1) that the action was prematurely brought, in that it was commenced before the board had an opportunity to act on plaintiff's claim; (2) for the reason that no written notice was ever served upon the defendant within 60 days of the happening of the accident; and (3) for the reason that plaintiff's claim was filed with the county auditor August 24th, the board of supervisors was not in session until September 7th, and this suit was brought September 1st, before defendant's board had an opportunity to pass thereon. This motion was sustained on the ground that the action was commenced before the board of supervisors had an opportunity to pass upon plaintiff's claim. Plaintiff appeals.—*Reversed.*

*Robertson & Witt,* for appellant.

*W. H. Kilpack,* for appellee.

DEEMER, C. J.—Section 3528 of the Code provides that " no action shall be brought against any county on an un-

liquidated demand until the same shall be presented to such

2. TORT ACTIONS: STATUTES. board [of supervisors] and payment demanded and refused or neglected." Section 3447 of the same Code also provides, in substance, that no action on account of defective bridges shall be brought after three months from the time the cause thereof accrued, unless written notice specifying the time, place, and circumstances of the injury shall have been served upon the county within 60 days from the happening of the injury. Appellant contends that the first section does not apply to claims arising out of tort, and cites authorities from other States so holding. These cases are all based upon the particular language of the statutes construed; and are of little help in solving the question here presented. The holdings in this jurisdiction have uniformly been to the effect that the statute applies to all unliquidated demands, whether arising out of contract or tort. *Pierson v. Ind. Dist.,* 106 Iowa, 695; *Marsh v. Benton Co.,* 75 Iowa, 469; *Dale v. Webster Co.,* 76 Iowa, 370; *Homan v. Franklin Co.,* 98 Iowa, 692; *Kenyon v. City of Cedar Rapids,* 124 Iowa, 195. There is as much, if not more, reason for holding the statute applicable to demands arising out of tort as to claims growing out of contract, and we see no reason for departing from the holdings heretofore made with reference to the construction of this statute. True, the exact question now presented does not seem to have been urged in these cases; but we should not depart from a practice of more than twenty-five years' standing without some real necessity for so doing. That does not appear here.

The trial court did not base its rulings on the ground that the statute of limitations found in section 3447 of the Code barred plaintiff's action, nor was the motion to dismiss

1. COUNTIES: premature action: amendment of petition. bottomed on that thought. The sole ground of the ruling was that, while defendant might waive the bar of this statute, it could not, through its officers, waive the provisions of section 3528;

and that as the suit was brought before plaintiff had presented his claim or demand to the defendant's board of supervisors and demanded payment which had been refused or neglected, his original action was prematurely brought, and could not be revived or cured by a supplemental petition. The pivotal question in the case is the correctness of this ruling. The statute quoted (section 3528) merely provides a condition precedent to the bringing of suit, and is in many respects akin to a demand, which is necessary to mature a cause of action or to furnish the evidence necessary to its institution. When plaintiff filed one of his supplemental petitions, this precedent condition had been complied with, and he offered to pay all costs down to the time his claim was rejected by the board. The trial court was evidently of opinion that, as the original action was prematurely brought, plaintiff could not cure the defect by a supplemental or amended petition, showing that the condition had been fulfilled since the original action was brought, even though he offered to pay all costs down to the time the claim was rejected. In this, we think, there was error. The original action was, of course, prematurely brought, and the only point for decision is, may this defect be cured by amendment after the cause of action has fully matured? Plaintiff's cause of action, if he had one, is in no manner affected by section 3528, save that presentation of his claim to the board and refusal or neglect on its part to pay the same is a condition precedent to his right to bring suit. Action having been prematurely brought, the plaintiff should be allowed, after presenting his claim, and being met with a refusal to pay, to file an amendment or supplement to his petition reciting the facts, and, after paying or offering to pay the costs down to the time the payment was refused, be permitted to proceed with the case. This is the rule heretofore announced by this court in all manner of cases, as will be seen by reference to the following: *Seevers v. Hamilton*, 11 Iowa, 66; *City of Davenport v. Mitchell*,

15 Iowa, 194; *Pride v. Wormwood,* 27 Iowa, 257; *Reisner v. Currier,* 58 Iowa, 216; *Sigler v. Gondon,* 68 Iowa, 441; *Leach v. Association,* 102 Iowa, 125; *Foote v. Gas Light Co.,* 103 Iowa, 576; *Bloom v. Ins. Co.,* 94 Iowa, 359.

The only discordant note, if there be any, is *Zalesky v Ins. Co.,* 102 Iowa, 613. But in that case the plaintiff had no cause of action for more than nominal damages until ascertained by an appraisement, and it was held that as he had, by reason of a contract between the parties stipulated that no suit should be brought until an appraisement was made, and then only for the amount of the appraisement, he could not, by supplemental petition, show that after the bringing of the original action he had made a demand for an appraisement. The case was decided wholly on the contract limitations made by the parties, and the statutes relied upon by plaintiff herein, as well as by plaintiff in that case, with reference to the filing of amended or supplemental petitions, were held not applicable. Moreover, the plaintiff in that case did not file a supplemental petition, as we understand it. He asked for a continuance of the case, that he might make demand for an appraisement; and the trial court — erroneously, as we held — granted his request. This for the plain reason that a plaintiff cannot ask a delay of his suit that he may either perfect or create a substantial cause of action. What was said in the case must be construed with reference to the facts involved. True, after the continuance was granted in that case, a supplemental petition was filed; but it was the order granting the continuance in the case for the purpose of maturing or creating the cause of action which was the controlling feature. By the terms of the policy there involved the loss was not payable until after an appraisement was demanded. Further, it appeared that an appraisement had been demanded by the insurance company; but the plaintiff, instead of respecting the demand, paid no attention thereto, but immediately brought suit, in plain violation of the terms of the policy. To allow him to proceed in this man-

ner was held a clear violation of his contract. This contract was held to go to the right to institute an action at all.

In the instant case plaintiff's cause of action was complete when the accident occurred; but by the terms of section 3528 of the Code no action could be brought thereon **3. PLEADINGS:** until the claim had been presented to the board **amendment.** of supervisors, and payment refused or neglected. He had presented his claim to the board, but it had not acted thereon when he commenced his suit. He had done all that was required of him, and it rested with defendant's board as to what action it should take. It chose to reject the claim, and plaintiff thereupon filed a supplemental petition reciting that fact. This was filed before the case was reached for trial, and we think it was proper to file the same; for it was a matter material to the case, happening since the filing of the former pleading, and clearly within the provisions of section 3641 of the Code, permitting the filing of supplemental pleadings under such a state of facts. The matter was not wholly discretionary with the trial court. In *Seevers v. Hamilton, supra,* the judgment was reversed on account of just such a ruling as was here made. And in *Miller v. Perry,* 38 Iowa, 301, it is said that such amendments should always be allowed when substantial justice will be thereby promoted, and that they should not be refused when to do so would operate as a denial of justice to either party. In that case also a ruling quite like the one in question was reversed. In the instant case it is doubtful if plaintiff could now maintain an entirely new suit to recover the damages alleged to have been received by him through the defendant's negligence. *Heusinkveld v. Ins. Co.,* 95 Iowa, 504. But, however this may be — and that point we do not now decide — substantial justice will more nearly be subserved by allowing plaintiff to file his supplemental petition than by turning him out of court and requiring him to commence his action anew. This thought is further re-enforced when we remember that the action was transferred on change

of venue to Cass county, and was there pending when the ruling on the motion was made. If plaintiff is compelled to commence over, he must go back to Pottawattamie county, and go through the needless process of taking another change of venue in order to accomplish nothing more than he would have received had his supplemental petition been allowed to stand.

We have no occasion to consider the statute of limitations contained in section 3447 of the Code, as the motion was not sustained on the theory that the action was barred, nor was any such claim made in the motion itself.

For the reasons pointed out, the judgment must be and it is *reversed*.