## CHADWICK v. MILLER.

Where evidence is offered to a jury, the cause argued, and the jury are about to retire to consider of their verdict, a court possesses no power to non-suit a plaintiff; and where such a motion is made by the plaintiff, and sustained by the court, the legal effect of the proceeding is, that the plaintiff voluntarily takes the non-suit.

After a judgment of non-suit against a plaintiff in replevin, on his own

motion, it is proper for the court to award a return of the property replevied to the defendant.

In replevin, the plaintiff takes the property from the possession of another, under a claim of right to either the possession, or the property itself, or to both ; and it follows, as of course, that if he fails to establish the right set up, the property should be returned to him from whom it was taken.

## *Appeal from the Jones District Court.*

### SATURDAY, APRIL 10.

Chadwick replevied two horses from the possession of Miller. The record states that a jury was impanneled and sworn; the evidence of both parties was adduced; the cause was argued; the court instructed the jury; and a bailiff was sworn to take charge of them. At this point of the case, the plaintiff "moved the court to direct a nonsuit, for the reason, (as the record states,) that the matters given in evidence by the plaintiff, do not support the case as set forth in his declaration." The record entry proceeds to state, that thereupon the court " do order that the plaintiff be so non-suited. Whereupon the jury are discharged from further consideration of the premises. Thereupon it is considered, that the defendant go hence without day, and recover of the plaintiff his costs, &c. And the court do find that the right of the property in dispute, is in the defendant, and a return of said property is awarded him by the court." The plaintiff appeals.

*Henry & McCarn,* for the appellant.

The record shows that the issue joined by the parties to this suit, was not submitted to, and passed upon by the jury, but that the plaintiff withdrew his action, and submitted to a non-suit. This he had the right to do, and withhold from the court the power of adjudicating and passing upon it. The court, however, proceeded to make an order for the return of the property replevied to

the defendant, in which he recites, that the title to said property is found to be in the defendant. This order is *coram non judice.* The only power possessed by the court, after the plaintiff had submitted to a non-suit, was to enter up judgment for costs, leaving the defendant to his remedy over against the plaintiff on his bond. A plaintiff in replevin may discontinue his suit at any time, either in vacation, by application to the clerk, or in term time, by application to the court; and in either event, the court cannot make an order for the return of the property. And if the court were to make such an order, (as in this case,) there is no power whatever inherent in the Court, under the Code, to enforce obedience to such an order.

The action of replevin, as it existed at common law, was principally used in cases of distress, but it seems that it may have been brought in any case where the owner had goods taken from him by another, and was of two sorts, *detinet* or *detinuit ;* the former, where goods were detained by the person who took them, to recover the value thereof and damages. The latter, when the goods had been delivered to the party. And in either form, the plaintiff was entitled to maintain the suit, if he had, at the time of the caption, either the general property in the goods taken, or a special property therein. But under our Code, the common law has been so modified, as to extend this form of action to all cases in which property is wrongfully detained, and to which the plaintiff has the right to the immediate possession. The right to the possession is the gravamen of the action, and not the right of property; for the right of property may be in the defendant, while, at the same time, the plaintiff might be entitled to the right of possession, and have his remedy in this form of action. It has not, by any means, been the practice in our courts, where the plaintiff brings replevin, and fails in his suit, to order a return of the property. See 2 Greenleaf, 90.

The action of replevin is *sui generis,* and must be governed by the rules best calculated to carry out the object

Chadwick v. Miller.

of the law. 'The title to the property was in no manner settled by the non-suit; and this being the fact, the court could make no order for the return of the property to the defendant. This would be justice, and I know of no authority or law against it. 3 Gil. & Johns., 247; 1 G. Greene, 24.

It has been held in the state of Ohio, under the statute of that state, regulating actions of replevin, that a plaintiff may appeal from a voluntary judgment of non-suit, in an action of replevin. The action is of a peculiar character; the defendant had a right after the non-suit, to impannel a jury to assess his damages, in which issue the right of property is determined. *Reed* v. *Carpenter*, 2 Ohio, 79.

Under our Code, there is no provision made for the defendant recovering damages in the action of replevin, where the plaintiff fails in his suit, or where he submits to a non-suit, or is non-suited. He is left wholly to his remedy on the bond. And if the court, when the plaintiff is non-suited, does not possess the power to impannel a jury in order to inquire into the defendant's damages, and the right of property in the defendant, then they do not possess the power to order a return of the property replevied to defendant. And, finally, a court can only render a judgment for money, and have no power to render a judgment, in any form, for property.

*Joseph Mann*, for the appellee.

The only question arising in this case, is whether the court below had the right to award the return of the property replevied or not. The plaintiff in error claims, that the court only had the power of rendering judgment for costs, leaving the defendant to his remedy against the plaintiff alone on his bond.

All the decisions and authority cited by the counsel of the plaintiff, were made under entirely different statutes from that of the Code of Iowa, and, therefore, are not applicable to this case. I think the conditions of the replevin

bond, as set forth in the Code, (section 1996,) clearly contemplates that an award of the return of the property should be awarded, where the plaintiff either fails to establish his right to the property, or voluntarily submits to a non-suit. While I am ready to admit, that the court did not possess the power to assess the damages of the defendant, and render judgment for the value of the property, I contend it was right and proper for the court to award the return of the property, in order that the defendant might be restored to the *prima facie* possession of the property, and thereby have the same presumptive evidence of ownership he had at the time of the commencement of the suit.

The plaintiffs having withdrawn a juror, and submitted to a non-suit, was conclusive evidence of the fact that he had failed to show himself entitled to the property, and that he had no right to retain it. He had commenced his suit improvidently, and was liable to restore the property whence he had replevied it. It is no just ground of complaint on his part, that a return of the property was ordered to the defendant. 14 Ill., 385.

WOODWARD, J.—If the plaintiff seeks to draw an argument from the fact, that the record entry states that the court ordered that the plaintiff be non-suited, this will fail him ; for, all of the record being taken together, it shows that the order was made upon his motion ; and it is manifest that it was, in effect, a voluntary non-suit. He seeks to make it appear that the court compelled the non-suit, whilst in fact the legal effect of the proceeding can be none other than that of the party voluntarily taking the non-suit, which he had the power to do, up to that precise point, in the course of the trial.

The record entry of the finding of the court, that the right of property was in the defendant, has no weight in the determination of the question before us, for that being unnecessary and unauthorized, has no legal force.

The only question for this court to answer, is, whether the judgment below should award a return of the proper-

ty; and the answer is, that the judgment is correct in this respect. At the common law, judgment for the defendant was for a return, and his damages and costs. 1 Sel. N. P., 378, 379; 1 Chit. Pl., 162; *Smith* v. *Auraud*, 10 S. & R., 92; *Philips* v. *Harris*, 3 J. J. Mar., 121. The nature of the case, also, dictates such a judgment. In replevin, the plaintiff takes the property from the possession of another, under a claim of right to either the possession or the property itself; that is, the title or ownership—or to both of these; and it follows, as of course, that, if he fails to establish the right set up, the property should be returned to him from whom it was taken; and the condition of the bond to be given by the plaintiff, under section 1996, Code, contemplates a judgment of this kind.

The plaintiff misconceives, probably from regarding the statute provisions as the whole of the law of replevin, whilst, in truth, the body and substance of it lies in the common law, and the statute contains a few special provisions only, upon the subject, which are to be understood with a reference to the common law.

The judgment of the district court is affirmed.