## MARSHALL v. BUNKER.

1. **Replevin:** DISMISSAL OF THE ACTION. M. instituted an action of replevin for the possession of property detained by B. under a writ of attachment levied in a suit between B. and a third party. The levy being sustained on appeal and judgment ultimately rendered for B., M. dismissed his action: *Held*, that B. then became entitled to the possession of the property or a judgment against M., for the extent of his interest therein, not exceeding the value of the property replevied.

2. ———: ———: SUPERSEDEAS BOND. That B. filed no supersedeas bond upon taking appeal, would not avail to release M. from liability to the extent of B's right of possession.

*Appeal from Washington District Court.*

TUESDAY, DECEMBER 15.

ON the 26th day of March, 1873, plaintiff filed his petition in replevin alleging that he is the owner, and entitled to the

possession of certain personal property, that the defendants wrongfully detain the same from him, and claim to hold it by virtue of a writ of attachment issued from the office of the clerk of the District Court, in a case between John H. Bacon and S. H. Marshall. In the case of *J. H. Bacon v. S. H. Marshall*, on the 22d day of July, 1873, the defendant's motion to dissolve the attachment, and his demurrer to the petition were sustained, and a judgment was rendered against the plaintiff for costs. This cause was appealed, no supersedeas bond being filed, and the judgment was reversed, and the cause was remanded.

The replevin cause was from time to time continued by agreement until the 22d day of January, 1874, when defendants filed an answer, stating that the property was taken and held by virtue of the writ of attachment as stated in the petition, and denying plaintiff's ownership, and alleging the ownership of the defendant in the attachment suit. At that term of court a judgment was rendered for plaintiff in the attachment suit of *J. H. Bacon v. Marshall*, for $812.15 debt, and $11.05, costs. At the same time the plaintiff in this action dismissed his replevin suit. The defendants thereupon asked to have their damages assessed. Plaintiff resisted this application on the ground that the action of the court in the attachment suit, and the failure of the plaintiff in that action to save his attachment by giving bond was conclusive, and had divested defendants of all claim to the property or its value. The court permitted defendants to give evidence of their damages, and refused to permit plaintiff to give in evidence the record and proceedings had in the attachment suit, and rendered judgment in favor of defendants, for the amount of the judgment and costs in the attachment cause. Plaintiff appeals.

*Patterson & Rheinart*, for appellant.

*G. G. Bennett*, for appellee.

DAY, J.—The judgment appealed from is correct. The action of replevin involves the question as to the right of possession at the time the action was brought, and the plaintiff,

to recover, must show a right of possession in the property at the time the action was commenced.

The plaintiff claimed that he was the owner of the property in controversy, and as such that he was entitled to its posses-

**1. REPLEVIN:** sion. The defendants claimed that they were
*dismissal of*
*action.* entitled to the possession in virtue of an attachment against S. H. Marshall, whom they allege to be the owner. This was the attitude of the property, and of the respective claims thereto, at the time the replevin action was commenced. As between the plaintiff and the defendants, if plaintiff was not as owner entitled to the possession of the property, the defendants were entitled to the possession. By dismissing his action the plaintiff abandoned all claim to the possession of the property. And, as the possession of the property at the commencement of the action was in defendants, upon the abandonment of the adverse claim of plaintiff, defendants became entitled to the possession of the property, or to a judgment for the value of their interest therein. And, as defendants claimed the property in virtue of an attachment against S. H. Marshall, the judgment ultimately recovered against S. H. Marshall, provided that does not exceed the value of the property replevied, was the measure of defendant's interest therein.

See Revision, sections 3562 and 3563. The fact that the attachment was dissolved, and that upon the appeal in which

**2. —— : ——.** this order of dissolution was reversed, no super-
*supersedeas*
*bond.* sedeas bond was filed, however potent it might be in favor of an intermediate purchaser or attaching creditor, cannot avail plaintiff. If he is not entitled to the possession of the property he must return it, or pay the value of the right of possession which defendants have as against him. And, as between plaintiff and defendants, this question must be determined by the facts existing when the action of replevin was commenced. See *Cassell v. The Western Stage Co.*, 12 Iowa, 47; *Alden & Co. v. Carver*, 13 Iowa, 253.

AFFIRMED.