WINTHROP DE WOLF, Receiver of the Franklin Institution for Savings, *vs.* A. & W. SPRAGUE MANUFACTURING COMPANY *et als.*

Any action which the plaintiff may discontinue as of course may be discontinued by him at any time after the return of the writ by simply filing with the clerk, either in term time or vacation, the notice prescribed by Gen. Stat. R. I. cap. 200, § 1.

*Query.* Whether Gen. Stat. R. I. cap. 200, § 1, applies, when by the discontinuance a claim pleaded in set-off would be outlawed by the statute of limitations.

ASSUMPSIT. On demurrer to a plea in abatement.

To this action, brought in the Court of Common Pleas and appealed by the defendants to this court, the defendants pleaded in abatement that another action for the same cause, wherein the same party was plaintiff and the A. & W. Sprague Manufacturing Company was defendant, 11 R. I. 380, was on October 12, 1877, being the eleventh day of the October Term, Supreme Court for the county of Providence, called in its order on the docket and continued to the following March Term; that thereafter, during the October Term, the plaintiff filed with the clerk his notice of discontinuance November 9, 1877, at 5.40 P. M., and gave to the attorneys of the defendant a copy of this notice of discontinuance November 10, 1877, at 10.45 A. M., this notice of discontinuance being filed without motion to, or leave from the court, and without notice to, or consent of the defendant.

The writ in the present action bears date November 10, 1877, issued against the A. & W. Sprague Manufacturing Company, William Sprague and Amasa Sprague, copartners as A. & W. Sprague, and was served by attaching the defendants' realty November 10 and 12, 1877, and by summons November 10 at 10 A. M.

To the plea the plaintiff demurred generally.

*July* 5, 1878. DURFEE, C. J. We think the statute, Gen. Stat. R. I. cap. 200, was intended to confer upon the plaintiff in any action pending in the Supreme Court or Court of Common Pleas, which he is ordinarily allowed to discontinue as of course, the right to discontinue it at any time after the return of the writ, either in term time or in vacation, by simply filing in the office of the clerk written notice as prescribed. We think this right cannot be impaired by a continuance of the action. If the court is in session and the case has been continued, the discon-

tinuance *ipso facto* revokes the continuance, and judgment goes for the defendant for his costs, either by the express order of the court or by the practice of the court, which is equivalent to its order, the judgment being delayed under the statute until the end of the term, Gen. Stat. R. I. cap. 205, § 1, unless expressly ordered. If the action is discontinued in vacation, it is carried forward on the docket for judgment at the next term under the statute. It is objected that the discontinuance of an action, especially after it has been continued, is a judicial act and cannot be done without the intervention of the court. We do not see how, under the limitation suggested, it is any more a judicial act to discontinue than it is to commence or enter an action. It decides nothing ; it simply remits the parties to the *status quo ante litem*. We also think the written notice filed in the office of the clerk operates as a discontinuance from the time it is filed. That it was intended to operate so is evident from the fact that the statute requires the notice to state therein the time of discontinuance. It is true the statute also directs that a copy of the notice shall be given immediately to the defendant or his attorney, but this direction is coupled with the direction that " no costs accruing after such notice shall be taxable for the defendant," which shows its purpose. It may be said that the action is not wholly out of court until judgment is entered for the defendant for his costs. But after discontinuance it remains only for the benefit of the defendant. So far as the plaintiff is concerned, the discontinuance is absolute. He can no longer prosecute the action against the defendant without first getting it reinstated. There is, therefore, no reason why he should not instantly be permitted to sue him *de novo*. *Downer* v. *Garland*, 21 Vt. 362 ; *Marston* v. *Lawrence*, 1 Johns. Cas. 397.

It is objected that if the plaintiff is permitted to discontinue without leave he may discontinue to the great detriment of the defendant ; as, for instance, after the defendant has pleaded in set-off some claim, which, if not recovered in the action, would be outlawed. Whether, in such a case, the discontinuance would be sustained, or, if sustained, would be allowed to prejudice or defeat any right or claim of the defendant, is a question which we need not decide. The statute may be construed as not applying in such cases, or, at least, not so as to prejudice the de-

fendant. And see *Estell's Executors* v. *Franklin*, 29 N. J. Law, 264; *Chadwick* v. *Miller*, 6 Iowa, 34. What we do decide, and all that we find it necessary to decide in the case at bar, is, that the statute does apply and is valid where the discontinuance under our practice is matter of course; for it is not pretended that the action here pleaded was such that the plaintiff would not have been allowed to discontinue it as of course in open court.

The demurrer to the plea in abatement is sustained and the plea overruled. *Demurrer sustained.*

*George M. Carpenter, Jr.*, for plaintiff.

*Charles Hart, Benjamin F. Thurston, James Tillinghast & J. A. Gardner*, for defendants.