Reisner v. Currier.

REISNER ET AL. V. CURRIER.

1. **Replevin**: DEMURRER CONFESSED: ORDER OF COURT. In an action of replevin against the sheriff for the recovery of certain personal property, a demurrer, interposed on the ground it was not alleged that plaintiff had given notice of ownership of the property prior to the commencement of the action, was confessed, and the plaintiffs refusing to amend, the court made an order allowing plaintiffs to withdraw the action without prejudice, upon payment of a sum of money equal to the judgment for the satisfaction of which the sheriff had levied upon the property, and the costs on the execution, and the costs in the action. *Held* that the order, under the circumstances, was proper.

2. ——: ——: ——. DAY, J., *dissenting*, *held*, that the failure of plaintiffs to amend their petition operated practically as a dismissal of their cause of action, and that the court should have rendered judgment in favor of defendant for a return of the property, or, in default thereof, for its value

*Appeal from Buchanan Circuit Court.*

FRIDAY, APRIL 21.

ACTION to recover specific personal property. It is stated in the petition the cause of the detention of the property is, that the "defendant, as sheriff, took said property on an execution in favor of Lawton & Post, and against A. Reisner." There was a demurrer to the petition on the ground it was not alleged a notice had been served on defendant that the

plaintiffs claimed to own the property. The demurrer was confessed, and thereupon the plaintiffs filed the following motion:

" Now comes the plaintiffs in the above cause and make application to the court and ask that they may be permitted to withdraw the above cause without predjudice to their rights, by placing the defendant in as good position as he was in at the time this suit was commenced, and the payment of the costs, and for reason of this application the plaintiffs state that on the 22d day of December, 1880, the defendant, E. L. Currier, by virtue of an execution issued out of the office of the clerk of the District Court of said county, in case of *Lawton & Post v. A. Reisner,* levied upon 25 acres of timber growing and standing, being the 25 acres bought of E. Daniels by John Klotzbach and A. Reisner, and at the same time defendant levied upon, by virtue of said execution, two piles of cord wood.

"Plaintiffs state that on the same day John Klotzbach made, executed and delivered to the defendant, his receipt for the one-half of said wood and timber, to be delivered by the terms of said receipt on demand to the defendant at any time after it should be determined that the one-half of it belonged to A. Reisner, or pay the judgment of Lawton & Post held against said A. Reisner; that a copy of said receipt is hereto attached and made a part hereof; that on the 25th day of December, 1880, plaintiffs replevied said wood and timber from the defendant; that the plaintiffs failed to give notice of their ownership in writing to the defendant before commencement of this suit; that for such reason defendant demurred to the petition which plaintiffs confessed. Plaintiffs further state that if, in the opinion of the court, the receipt of John Klotzbach is not sufficient they will give any receipt required that they will return the property or pay defendant.

"Copy of receipt referred to in application to withdraw case:

" WHEREAS, E. L. Currier, sheriff of said county, has

levied on the share of A. Reisner in certain wood owned by John Klotzbach and A. Reisner, bought by them of E. Daniels, now I, John Klotzbach, hereby agree that I will keep the one-half of said wood, so that the same can be delivered 'to said sheriff when it is determined that it belongs to A. Reisner, and if so determined I will deliver to said sheriff the one-half of said wood, or such as belongs to said A. Reisner, when determined, or pay the judgment the said Lawton & Post has against the said A. Reisner.

JOHN KLOTZBACH."

Upon the foregoing the court made the following ruling: "The application of plaintiffs to withdraw action without prejudice, granted, upon condition that said plaintiffs shall within five days, and prior to the adjournment of this court, pay into the hands of the defendant, E. L. Currier, sheriff, a sum of money equal to the amount due on the Lawton & Post execution, for the satisfaction of which the sheriff levied upon the property in dispute, and the costs of such execution, and also costs thus far incurred in this action, said money to be paid and held by said defendant as and in place of the property in controversy." To which the defendant excepted and appeals.

*E. E. Hasner* and *Daniel Smyser*, for appellant.

*D. W. Bruckhart* and *Samuel Hussey*, for appellee.

SEEVERS, CH. J.—It is claimed when the demurrer was confessed, and no amendment to the petition filed, the defend-

*1. REPLEVIN: demurrer confessed: order of court.* ant became entitled to judgment as upon a dismissal of the action for a return of the property or for the value of the defendant's interest. Code, § 3239; *Marshall v. Bunker*, 40 Iowa, 121. No such judgment was rendered, but the plaintiffs were required to pay to the defendant the value of such interest and all costs. The money so paid to be held by the defendant in place of the property in controversy. The question is whether the

defendant has been prejudiced by this ruling.   It appears to us he obtained all he was entitled to.   If a return had been awarded, all the defendant could have done was to sell the property, or a sufficient amount thereof, to satisfy the execution and costs.   It is true, the ownership of the property has not been determined, but the value of the defendant's interest in his hands stands in the place of the property, and who is entitled thereto remains to be determined.   The defendant has no interest in or right to the property except in his official capacity under and by virtue of the levy.   Had a return been awarded or judgment for the value of the defendant's interest been rendered, the question as to the ownership of the property would not in fact have been determined.   The effect, however, in such case, would have been to estop the plaintiffs from thereafter contesting such question.   This result would be caused by the failure of the plaintiffs to give notice of their ownership, and not because they were not in truth and and in fact the owners of the property in controversy.   The failure to give the notice required by statute, without doubt, was an oversight, and the defendant should not be permitted to reap a substantial advantage therefrom, unless he has been, in fact, prejudiced thereby.

If, upon confessing the demurrer, the defendant had given the requisite notice and filed an amended petition, so alleging, and paid all costs incurred in the action up to that time, we see no reason why the action might not have proceeded and the right of the parties to the property been determined.   If the course suggested had been adopted the case in principle, as to the right under the circumstances to amend, would have been analagous to *Seevers v. Hamilton*, 11 Iowa, 66.   What was done is full as favorable to the defendant as if the course indicated had been adopted.

But it is suggested the defendant may have had other rights to the property or other executions that had been levied thereon, and that there was no issue, nor could any have been formed under which such questions could have been de-

termined. The record fails to disclose the defendant claimed any other interest in or right to the property than that founded on the levy of the Lawton & Post execution. Under the circumstances, we think the defendant should have in some manner indicated to the court · he claimed the property because of some other right thereto, if any such he had. When the result is a reversal, we cannot presume a state of facts not shown by the record. Besides this, there is matter appearing in the record which affirmatively shows the defendant had no other interest than that under the levy of the Lawton & Post execution, which, in the absence of any showing to the contrary, is entitled to consideration, and that is the receipt signed by the defendant Klotzbach. The right of the defendant to the property and the ·extent of his interest therein is stated in the receipt. Klotzbach, as against the defendant, could have retained the property upon paying the amount of the Lawton & Post execution and costs.

AFFIRMED.

DAY, J., *dissenting.*—I cannot concur in the foregoing opinion. Upon the dismissal of a cause of action in replevin, the defendant becomes entitled to the possession of the property, or to a judgment for the value of his interest therein. *Marshall v. Bunker*, 40 Iowa, 121; *Chadwick v. Miller*, 6 Iowa, 34. The court in this case did not order a return of the property, nor enter a judgment in favor of the defendant for its value, nor for the value of his interest therein, but simply made an order that the plaintiffs pay to the defendant the amount of an execution for the satisfaction of which the court assumed that the defendant held the property. The court does not determine, nor provide, any means of determining, judicially, the amount which plaintiffs shall pay.

It is said that the defendant is in no way prejudiced, because the plaintiffs are required to satisfy the execution under which defendant holds the property. But how is it known, and how has it been determined, that the plaintiffs have been

required to satisfy the lien under which defendant holds the property? It is true the plaintiffs allege in their petition that the defendant holds the property under an execution in favor of Lawton & Post against A. Reisner, and the court has ordered the plaintiffs to pay to the defendant a sum sufficient to satisfy this execution. But it cannot be claimed that the allegation in the petition is conclusive against the defendant. The defendant had a right to set up his own claim to the property. It may be that he holds the property under other executions, as well as the execution in favor of Lawton & Post, and that a satisfaction of the execution of Lawton & Post would not at all satisfy the defendant's claim upon the property. It may be that the defendant does not hold the property under an execution in favor of Lawton & Post, but in favor of other parties. These questions the defendant was entitled to have tried in some manner, upon a sufficient petition, or at least he could not rightfully be deprived of the property until these questions were tried. His demurrer to the petition simply admits the allegations of the petition for the purposes of the demurrer. The demurrer was confessed, and the plaintiffs declined to amend. There was, then, no pleading upon which the defendant could join issue, and no mode in which his interest in the property could be determined. Yet, without any pleadings, and upon a mere *ex parte* showing of the plaintiff, the court has undertaken to determine under what right and by what authority the defendant held the property, and really to adjudicate the extent of the defendant's interest, substantially as he would have been authorized to have done, if the petition had been held sufficient, and the defendant had set up in his answer under what claim he held the property. In making the order appealed from, I think the court erred. Upon the failure of the plaintiffs to amend their petition, which operated practically as a dismissal of their cause of action, the court should, in my opinion, have rendered judgment in favor of defendants for a return of the property, and, in default thereof, for its value.