## WILLIAMS ET AL. v. CHAPMAN ET AL.

1. **Replevin**: WANT OF JURISDICTION OVER DEFENDANTS AND PROP-
ERTY: JUDGMENT FOR SPECIFIC DELIVERY ONLY: STATUTE CON-
STRUED. Where property was replevied from the United States Mar-
shal, which he had seized under execution issued out of the Circuit Court
of the United States, and there was a demurrer to the petition on the ground
that the court had no jurisdiction over the defendant or the property, which
demurrer was sustained, and the defendants thereupon elected to have
execution for the value of the property instead of for its specific delivery,
and asked for an order accordingly, *held* that the order was properly re-
fused, and that section 3241 of the Code, which provides that the person
found to be entitled to the possession of the property may, at his option,
have execution for the specific delivery of the property, or for the value
thereof as determined by the jury, applies only to those cases which
are decided upon their merits, and not to such as are decided on demur-
rer for want of jurisdiction.

### *Appeal from Union Circuit Court.*

### WEDNESDAY, DECEMBER 6.

ACTION for the recovery of specific personal property. From
the judgment rendered the defendant appeals.

*Sapp & Lyman*, for appellants.

*McDill & Sullivan* and *Haish & Higbee*, for appellees.

SEEVERS, CH. J.—The defendant, Chapman, is a United States
Marshal, and had in his hands an execution issued on a judg-
ment rendered by the Circuit Court of the United States for
the district of Iowa. This execution the Marshal levied on
the property in controversy. The plaintiffs, so claiming,
·brought this action to recover the possession of said property,
and their petition contained the usual and ordinary allegations,
except it was not stated that notice that plaintiffs claimed
to be entitled to the possession of the property had been
served on the Marshal. The plaintiffs gave the bond required
by statute in such cases.

To the petition the defendants demurred on the following grounds:

"1. The petition shows upon its face that the property in controversy, when replevied, was held by the United States Marshal, under an execution from the United States Circuit Court, District of Iowa, and this court has no jurisdiction of the matters and things herein.

"2. The petition shows that the property in controversy herein, was seized on execution in the case of *Redmond, Cleary & Co. v. Wm. Ohlschlager*, and does not show that prior to the commencement of this suit any notice in writing was served on the officers seizing the same of the interest of plaintiffs therein."

The demurrer was sustained, "whereupon the defendants elected to have execution for the value of the property in controversy, instead of for its specific delivery, and asked for an order accordingly, which the court refused to grant," and the defendants excepted.

Thereupon the plaintiffs electing to stand on their petition, the court "ordered and adjudged that the defendants are entitled to the immediate possession of the property described in the petition", * * * and further ordered that the "plaintiffs herein return to the said defendant, John W. Chapman, United States Marshal of the District of Iowa, the aforesaid property, within thirty days from this date, and that in the event of their failure so to do, then the defendants have judgment against plaintiffs, and the sureties on their replevin bond, * * * for the interest of defendants, therein, as herein set out, and that execution issue therefor."

The appellants insist that the court erred in not rendering an absolute and unqualified judgment, and directing execution to issue for the value of the defendants' interest in the property as found by the court. In support of this claim *Hayden v. Anderson*, 17 Iowa, 158; *McNorton v. Akers*, 24 Id., 369; *Marshall v. Bunker*, 40 Id., 121, and *Armel v. Lendrum*, 47 Id., 535, are cited.

The court found that the Marshal was entitled to the possession of the property, and the statute provides that the person so found to be entitled to possession "may at his option have execution for the specific delivery of the property, or for the value thereof as determined by the jury." Code § 3241.

The record fails to show upon which ground the demurrer was sustained. We are led to conclude from the argument of counsel that the court held the demurrer well taken upon the first ground. But conceding that it was sustained on both grounds, then as to the second, the appellees could have served the notice required by statute, and have filed an amended petition alleging such fact. *Reisner v. Currier*, 58 Iowa, 213. This being done, the court, except for the jurisdictional question, could have determined the merits of the controversy.

It seems to us the presumption should be indulged that the plaintiffs would have taken the course suggested, but for the fact that it would, under the ruling of the court, have been useless.

It is, therefore, apparent that the court held that it did not have the jurisdiction and power to try and determine on the merits who was entitled to the possession of the property, because it had been seized under process issued by the Circuit Court of the United States. The court had jurisdiction of the plaintiffs, but clearly it was ruled that it did not have jurisdiction over the United States Marshal or the property.

The statute undoubtedly only contemplates a case where the court has the jurisdiction and power to determine, on the merits, who is entitled to the possession of the property in controversy. As it was seized or taken from the possession of the marshal under process issued by the State court, and the latter did not have the power to determine whether it was rightfully seized, we think all the court could properly do was to order it returned to the marshal, and, upon failure to do so, to award execution for its value, as was done.

                                        AFFIRMED.