Schmidt v. Kiser.

---

SCHMIDT v. KISER *et al.*

Practice : MOTION TO PRODUCE BOOKS OF ACCOUNT : DISCRETION OF COURT. A motion to compel the plaintiff to produce his books of account for the purpose of being inspected and copied was made on the morning of the day set for the hearing of the case. The plaintiff resided and did business in Chicago, and the issues in the case had been made up, and the case set down for hearing on depositions, six months previous to the motion. *Held* that the court did not, in overruling the motion, abuse the discretion vested in it by the statute. (See Code, secs. 3685, 3686, and *Allison v. Vaughn*, 40 Iowa, 421).

*Appeal from Lee District Court.*—HON. J. M. CASEY, Judge.

FILED, OCTOBER 11, 1888.

ACTION to foreclose a mortgage on real estate.  The
defendants pleaded that the note secured by the mort-
gage was executed in settlement of losses and differ-
ences in the purchase and sale of pork on the board of
trade in Chicago ; that it was never contemplated that
the pork would be delivered, but the purchase or sale
thereof was a mere wager or gambling contract, and
therefore there was no legal consideration for the note.
Trial to the court, judgment for the plaintiff and
defendants appeal.

*Craig, McCrary & Craig* and *Jas. H. Anderson*,
for appellants.

*Anderson & Davis*, for appellee.

SEEVERS, C. J.—The question to be determined is
one of fact, and we think appellants have failed to
establish by a preponderance of the evidence the essen-
tial proposition upon which the defense is based.  There
is but little evidence in the record, except that of the
defendant Kiser and the plaintiff.  There are also some
letters from one to the other.  The evidence of Kiser
tends, it can possibly be said, to show that the
mortgage was given in settlement of differences on a
gambling contract.  That of the plaintiff tends to show
otherwise.  We have carefully examined the evidence,
and have scrutinized it closely, for the purpose of
determining the rights of the parties ; and our conclu-
sion is that defendants have failed to establish that the
mortgage was given in settlement of differences that
arose out of a gambling contract.  It would serve no good
purpose to set out the evidence, nor is it necessary to
discuss it.  In fact, this could not be done without set-
ting it out at some length.  The defendants insist that
the burden is on the plaintiff to establish that the
mortgage was given in settlement of some valid trans-
action.  Thus broadly stated, the proposition cannot be
sustained ; but there are cases which hold that, where

suspicion has been cast on the transactions between the parties, then the burden is on the plaintiff to show that the property bought or sold was to be actually delivered. *Barnard v. Blackhaus*, 52 Wis. 593. Conceding this to be the rule, we are unable to say, upon the whole evidence, that the plaintiff is not entitled to the relief granted by the district court.

The issues were settled in March, 1887, and the case was set down for hearing on depositions. The hearing was had on the second day of November, 1887. On the morning of that day the defendant filed a motion for an order requiring the plaintiff to produce his books of account from April, 1883, to September of the same year, for the purpose of being inspected and copied. This motion was overruled. It is insisted that the court erred in so ruling, and, in support of this position, sections 3685 and 3686 of the Code are cited. The statute, in terms, places this matter within the discretion of the court, and we are unable to see that such discretion has been abused. It appears from the record that the plaintiff resides and does business in Chicago. The court may have, as in *Allison v. Vaughan*, 40 Iowa, 121, refused the rule because of the delay in asking for it. The cited case and this are singularly alike.

AFFIRMED.