Thomson, P. J.
On the 26th. day of February,' 1898, J. L. Racbofsky and B. L. Rachófsky, doing business as Rachof *179 sky & Co., brought this action against C. C. Benson, to recover the possession of certain goods, wares and merchandise, which they alleged had been wrongfully seized and taken, and were wrongfully withheld from them by the defendant, in the county of La Plata. To secure the delivery of the property to them, the plaintiffs filed with their complaint the affidavit of J. L. Rachofsky, one of the plaintiffs, in which it was stated that the plaintiffs were the owners and lawfully entitled to the possession of the property, describing it, and that it was wrongfully detained from them by the defendant.
The defendant answered denying ownership of the goods or right to their possession, in the plaintiffs, denying that he wrongfully withheld them, and averring that by virtue of a writ of execution issued out of the district court of Arapahoe county, upon a judgment recovered in that court against one Harry Rachofsky, and directed to him ■ as sheriff of La Plata county, he, as such sheriff, on the 2nd day of February, 1898, levied upon the goods mentioned in the complaint, as the property of Harry Rachofsky; that the goods and chattels were the property of Harry Rachofsky; and subject to execution against him; that the levy of the execution by the defendant as sheriff, was the seizure or taking, complained of; and that, on the day of the levy, Harry Rachofsky as principal, and these plaintiffs as sureties, executed and delivered to the defendant, as sherif, a bond, by the terms of which, after a recital of the fact of the levy, a description of the property, and a statement of the execution defendant’s desire to retain the property in his possession in accordance ’~;th the provisions of the statute, the obligors bound theipselves for the forthcoming and delivery of the property to the sheriff at 12 o’clock, noon, of the first day of March, 1898.
*180 The replication denied the averments of the answer, and alleged that on the 26th day of February, 1898, the execution defendant, Harry Rachofsky, returned to the obligee named in the forthcoming bond, being this defendant, all the goods and chattels described in the bond, which property this defendant then received, and, upon demand, refused to deliver it to the plaintiffs, whereupon this suit was brought.
The defendant, C. C. Benson, having died, the appellee, Minnie C. Benson, the administratrix of his estate, was substituted for him.
At the trial, when the plaintiffs had closed the introduction of their evidence, on motion of the defendant, judgment of nonsuit was entered against them, and they have brought the cause here by appeal.
The plaintiffs produced and examined John F. Hechtman, the defendant C. C. Benson’s under-sheriff, who testified that he made the levy under the execution, and that after having made the levy he surrendered the property upon the delivery to him of the forthcoming bond. He also testified that some two or three weeks afterwards, the goods were returned to him as undersheriff, and were then, after demand for them, taken from him by the coroner under the writ of replevin, and that the whole transaction took place at the same time. There was other evidence introduced by the plaintiff, and some errors are alleged to have occurred at the trial, but in our view of the case, neither that evidence nor any of the supposed errors requires consideration.
One of the grounds on which the court allowed the nonsuit, was that at the time the action was commenced, the property was in the possession of Harry Rachofsky, and not in the possession of the defendant ; and the testimony of the undersheriff, who was the plaintiffs’ witness, justifies the finding. If the *181 delivery of the property to the nndersheriff and its seizure under the writ of repelvin toot place at the same time, then the suit must have been already commenced; and the writ of replevin in the hands of the coroner, ready to be served, when the undersheriff received the goods. Counsel for the plaintiffs submits an ingenious argument, based on other portions-of the undersheriff’s testimony, in which he undertakes to show that in testifying that the whole transaction took place at the same time, the undersheriff did not mean what he said. But there was nothing in his other testimony which was necessarily inconsistent with that statement; he was the plaintiffs’ witness; he testified in the presence of the judge who pronounced the judgment, and who was therefore better qualified than we to determine what the witness meant; and we are concluded by the finding. In replevin, unless, at the time of the commencement of the suit, the plaintiff has a cause of action against the defendant for the possession of the property, he cannot recover. — Marshall v. Bunker, 40 Ia. 121; Robb v. Cherry, 98 Tenn. 72; Belden v. Laing, 8 Mich. 500; Burt v. Burt, 41 Mich. 82; Wells on Replevin, § 107.
The judgment will be affirmed.

Affirmed.