FRANK A. JOHNSON, Appellant, v. HAMILTON COUNTY, Appellee.

**Counties:** CONTRACT WITH PHYSICIAN: VALIDITY. Neither failure of
1   a county physician to give the statutory bond, nor awarding of the
contract for medical care of indigent persons without competitive
bids, will render a contract with such physician invalid.

**Same:** MEDICAL ATTENDANCE: LIABILITY OF COUNTY. When a county
2   has contracted with a physician for the medical care of the poor,
township trustees having knowledge of such employment and with-
out demanding of such physician that he furnish the required medi-
cines and attendance, cannot employ another to furnish medicines
and render the county liable therefor.

**Same:** COUNTY PHYSICIAN: BOND. The bond required of a county phy-
3   sician is for the protection of the county, and not for the benefit of
persons furnishing medicines to the poor.

*Appeal from Hamilton District Court.*—HON. CHARLES E. ALBROOK, Judge.

SATURDAY, NOVEMBER 28, 1914.

PLAINTIFF sought to recover $111.10 for medicines and medical supplies furnished one Julia Evans, an indigent per-

son, upon the verbal order of the trustees. There was a trial to the court, without a jury, and a judgment for defendant. Plaintiff appeals.—*Affirmed.*

*A. N. Boeye,* for appellant.

*John D. Porter,* for appellee.

PRESTON, J.—By way of defense, defendant averred that the account was not certified by the proper trustees, as provided by the statute; that the indigent person to whom the supplies were furnished was not a legal resident of defendant county, but of Polk county, and that such fact was known to the plaintiff at the time the supplies were furnished; that, during the time covered by the alleged account, the defendant had in its employ a physician to look after, care for, and supply with medicine the sick and afflicted poor residing in the township wherein said Julia Evans was temporarily residing, and that the board of supervisors, in addition thereto, paid the sum of $4 per week for the keep and care of said person; that in November, 1908, and long prior to the filing of this claim, and before the board had any knowledge thereof, the board of supervisors made a settlement with Polk county.

The trial court found that, while there was no dispute as to the items of the account and the value thereof, he did question the right of the trustees, then acting as such, to make the certificate in question, and, because the county had made contracts with physicians to furnish medicines, that the trustees were bound thereby.

As to the alleged insolvency of Dr. Rogers, the physician in the employ of the county for the first year, the court found:

It is contended that Dr. Rogers was not financially able to furnish these medicines. To this there are two answers: There was no demand made of him to furnish the same; and, second, all of the precriptions brought into court were signed by this selfsame physician. I conclude, then, that we have here evidence of knowledge of the employment of this physician by the county and of the furnishing of these medicines

on his order. The evidence offered in reference to the insolvency of Dr. Rogers does not satisfy me that he would not have performed his agreement if demand had been made of him, and the evidence satisfies me that the plaintiff knew or had reason to believe that Dr. Rogers was in the employ of Hamilton county at the time. This objection, however, would only go to the first sixteen items of the bill of plaintiff and in the sum of $12.85.

It is said by appellant in argument that there is only one real and substantial question involved, and that is whether or not the alleged contracts with physicians, during the time when the account in suit was running, bars the plaintiff from recovery. Some other questions are suggested in argument, but this is the question relied upon. It is suggested that there was a waiver and estoppel on the part of the county, but such matters have not been pleaded.

The account commenced September 7, 1905, and the last charge is June 12, 1907. The first physician's written contract was between Dr. Rogers and the county for the year from March 1, 1905, to March 1, 1906, and provided, among other things, that he was to furnish medical attendance, medicine, surgery, etc., for the poor in certain townships, including the one in which Julia Evans resided. The county had a contract with Dr. McCall to the same effect from March 1, 1906, to March 1, 1907, and another from March 1, 1907, to March 1, 1908, so that, during the entire time of the running of this account, the county had a physician employed.

It was conceded upon the trial that these physicians did not give a bond, as required by the statute, and it is claimed by appellant that there is no evidence that the contracts were let under competitive bidding to the lowest 1. COUNTIES: contract with physician: validity. bidder. It has been recently held that, notwithstanding such fact, the contracts are not invalid, but they are binding and in force. *Brock v. Jones County,* 145 Iowa, 397, 406.

In our opinion, the fact that physicians were employed covering the entire time of the account is, under the statutes and prior decisions, decisive of the question, and that the trustees may not ignore such employment. We should add here, perhaps, that the evidence shows that the trustees also knew of the employment of these physicians.

2. SAME: medical attendance: liability of county.

It has been held that the liability of the defendant must be fixed by the statute, or it does not exist, and that, when the board of supervisors have employed physicians to render medical aid and furnish medicines for the poor of the county, the trustees cannot disregard such employment by the employment of some other persons to furnish such medicines, and thereby render the county liable. *Mansfield v. Sac County*, 59 Iowa, 694; *Gawley v. Jones County*, 60 Iowa, 59; *Brock v. Jones County, supra*.

The bond required is to secure the faithful performance of the contract. Code, section 2238. We think this bond is for the purpose of protecting the county in the event of failure of the contracting physician to perform the contract, and is not to protect the person furnishing medicines.

3. SAME: county physician: bond.

It is said by appellant that Dr. Rogers was insolvent and unable to furnish the medicine. The items in the account from September, 1905, to March 1, 1906, when Dr. Rogers' contract expired, amount to $12.85, so that, if this matter of insolvency could be relied upon by plaintiff, it would only cover that amount. But the trial court found, and the evidence tends to show, that plaintiff and the trustees knew of the employment of the physicians by the county. The evidence does not show that any demand was ever made upon Dr. Rogers to furnish such medicines and a failure by him to perform his contract. Plaintiff furnished the medicines and supplies upon the order of the trustees, when, at the same time, the county had a contract with physicians to furnish them. As before stated, the trustees may not ignore the contract.

Without now deciding the point, we may say there might be a case of emergency, where the county physician is not accessible, when the trustees might employ a physician. To do so would open the door to abuses. The facts in this case illustrate this point. It appears that the board of supervisors made an arrangement with one Brooks to keep and care for this indigent person at $4 per week, and that this was paid by the county. Later one Lundell claimed for the same care and in the same amount for the same time, claiming that he had such an arrangement with the trustees. It is unnecessary to discuss the other points.

The judgment of the trial court is—*Affirmed.*

LADD, C. J., and EVANS and WEAVER, JJ., concur.